## STATE OF MINNESOTA *vs.* MARTIN HANLEY.

### January 17, 1879.

Intoxicating Liquors—Vote Against License.—After the voters of the village of Kasson, in the county of Dodge, had, pursuant to Sp. Laws 1877, *c.* 51, determined against granting licenses for the sale of intoxicating liquors in said village, an indictment for selling such liquors in said village should be under section 3, of that chapter, and should describe the offence as selling, after the voters of the village had voted against granting licenses.

me—Indictment.—After such vote, an indictment under Gen. St. *c.* 16, is insufficient.

An indictment was found against the defendant in the district court for Dodge county, accusing him "of the crime of selling and disposing of spirituous, fermented, vinous and malt liquors, in quantities less than five gallons, without being first duly licensed according to law, committed as follows," (describing a sale of liquor at the village of Kasson,) "he the said Martin Hanley not having a license to sell said liquor as aforesaid; contrary to the form of the statute in such case made and provided, and against the peace," etc. He pleaded not guilty, and, by stipulation, a jury was waived, and the cause submitted to *Mitchell*, J., (acting for the judge of the fifth district,) upon an agreed statement of facts, in which the sale was admitted as charged in the indictment, and also the fact that, in accordance with the legislation quoted in the opinion, the legal voters of Kasson had voted against granting licenses. The court found the defendant guilty, and sentence was passed on him, from which judgment he appeals.

*A. J. Edgerton*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

BERRY, J. Sp. Laws 1877, *c.* 51, authorizes the legal voters of the village of Kasson, in Dodge county, "to vote upon, and determine for themselves, the question whether license for the sale of intoxicating liquors in said village shall

be granted in said village or not." It further provides for the submission of the question of granting license, to said voters, and that if a majority of votes be cast against license, "no license for the sale of intoxicating liquors in said village shall be granted by the common council of said village, or the board of county commissioners of Dodge county." Section 3 provides that "in case the legal voters of the village shall determine * * * that no license for the sale of intoxicating liquors in said village shall be granted, any person thereafter who shall sell, barter or dispose of any spirituous, malt, vinous, fermented or intoxicating liquors, within the corporate limits of said village, for other than medicinal purposes, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall pay a fine of not less than $25, nor more than $100, with costs of prosecution, for each offence, and be imprisoned in the county jail until said fine and costs are paid, not exceeding ninety days." As licenses can be granted only by the county board or the common council, the effect of all this is, that when the legal voters have voted against license, no license can be granted for the sale, or other disposition of intoxicating liquor in the village of Kasson. If, after a vote against license, any person sell intoxicating liquor (not for medicinal purposes) in the village of Kasson—as the defendant did in the case at bar—the offence which he commits is the offence of selling after the vote against license, and his liability therefor arises under section 3, of chapter 51, above quoted. He is not liable under the general law, (Gen. St. c. 16,) for selling intoxicating liquor without having obtained a license from the county board of Dodge county, for, clearly, that law has reference only to sales by persons who are permitted to apply to such board for license, and to whom licenses might lawfully be granted. When a person sells liquor (for other than medicinal purposes) in the village of Kasson, where no license to so sell can be obtained by anybody under any circumstances, there is a manifest incongruity in charging him with the offence of selling without a license. There can be no such

offence, in the village of Kasson, as selling without a license, for other than medicinal purposes. A sale in such village, other than for medicinal purposes, is the offence of selling after a vote against license, and the offence should be described accordingly. This was the defendant's offence in this case. He is charged in the indictment, under the general law, with selling without license, and, upon such indictment, he was found guilty and sentenced accordingly. From the foregoing views, it follows that the indictment is not sustained by the facts, and that the conviction and sentence are therefore erroneous.

Judgment reversed, and defendant discharged.