STATE OF MINNESOTA *vs.* JOHN SCHMAIL. (Second Case.)

February 20, 1879.

**Intoxicating Liquors—Dodge Centre.**—Section 13 of the village charter of the village of Dodge Centre, (Sp. Laws 1874, *c.* 13,) construed.

**Same--Burden of proving License.**—In a prosecution for selling intoxicating liquors without a license, the burden of proving license is upon the defendant.

**Costs against Defendant, on Conviction.**—Gen. St. *c.* 65, § 162, authorizes a justice of the peace to render judgment for costs against a defendant found guilty in criminal proceedings, besides a fine; and by section 153 of said chapter, a like power is conferred upon the district court, upon an appeal from a justice.

Appeal by defendant from a judgment of the district court for Dodge county, *Lord, J.,* presiding, affirming a judgment of a justice of the peace, from which the defendant had appealed on questions of law alone. The prosecution was for selling liquor without a license, and in the sentence passed on the defendant in the district court, he was adjudged to pay a fine and the costs in both courts.

*B F. Latta* and *A. J. Edgerton,* for appellant.

*Geo. P. Wilson,* Attorney General, for the State.

BERRY, J. This is a criminal prosecution for selling, at the town of Dodge Centre, a quantity of spirituous liquor without a license, "against the form of the statute in such case made and provided."

The prosecution was commenced before the village justice of the village, and upon an affidavit of prejudice, was transferred to a justice of an adjoining town. By section 13 of the village charter (Sp. Laws 1874, *c.* 13,) it is enacted that "the village council shall have the exclusive right to license persons vending * * spirituous * * liquors within the limits of said village, and persons so licensed shall not be required to obtain a license from the board of county commissioners: *provided,* the persons so obtaining such license comply with all the requirements, and subject to all the pen-

alties, as provided in chapter 16 of the General Statutes of Minnesota; * * and the council shall have full power to restrain any person from vending liquors, unless duly licensed by the village council of said village." The effect of these somewhat obscure provisions we take to be, that no person can lawfully sell spirituous liquors in the village of Dodge Centre without first having obtained license from the village council; that a person who has obtained such license may sell, without obtaining a license from the county commissioners, and that a person selling, without license from the village council, is liable to a prosecution under the provisions of Gen. St. *c.* 16, for selling without license, unless he has obtained one from the county board, and is also liable to a prosecution under any ordinance which may have been passed by the village council to restrain unlicensed selling.* The prosecution in this case being for selling "against the form of the statute," etc., was evidently a prosecution under Gen. St. *c.* 16, for selling without license from the county board, and as respects the matter of license, it was properly instituted and sustained, because it did not appear that the defendant had any license whatever. The burden of proving license was upon the defendant, because, all sales being prohibited except licensed sales, prohibition is the general rule, and license the exception. Hence, where a sale is shown, the presumption *prima facie* is that it is unlawful, and this presumption makes out a case of unlawful sale, unless it is overcome by proof of license. Bishop Stat. Crimes, § 1051.

The case was tried in the justice's court by a jury. The return made by the justice contains this entry, viz.: "5 o'clock P. M. February 9, 1878. The jury return into court and delivered their verdict, (see paper on file lettered 'I,') through A. P. Hale, their foreman, of 'guilty.' Whereupon the jury were discharged by the court." The statute (Gen. St. *c.* 65, § 146,) provides that "when the jurors have agreed on their verdict, they

*See remarks on this case, in *State* v. *Pfeiffer,* 2 N. W. Rep. N. s. (474) 126, to appear in 26 Minn.

shall deliver the same to the justice publicly, who shall enter it in his docket." There is nothing in the return showing that the verdict was not delivered publicly to the justice. On the contrary, from the statement that the jury returned into court and delivered their verdict, the fair affirmative inference is that it was delivered to the justice in court, and as a court; and the presumption is that this was done regularly, and as the law requires, to wit, publicly. The statement in the justice's return, that "the verdict was first made public by reading to the defendant," does not tend to show that the verdict was not publicly declared to the justice. As to the claim that the verdict was invalid, because the defendant was not present when it was rendered and the jury discharged, (even if the necessity of such presence be admitted,) there is nothing in the return properly tending to show his absence.

The last point made by defendant is that the justice, and the district court to which appeal was taken, both erred in rendering judgment for costs, in addition to the fine imposed. Under Gen. St. c. 65, § 131, as well as under Gen. St. c. 16, § 4, the justice had jurisdiction in the case, and he was therefore authorized by Gen. St. c. 65, § 162, to render judgment for costs besides the fine. And a like power was conferred upon the district court by section 153 of said chapter 65.

Judgment affirmed.