### STATE OF MINNESOTA *vs.* JACOB PFEIFER.

#### October 4, 1879.

Intoxicating Liquor—Charter of Rushford.—The charter of the city of Rushford provides that the city council " shall have the exclusive right to license persons vending, dealing in, or disposing of spirituous, vinous, malt or fermented liquors within the limits of said city; and persons so licensed shall not be required to obtain a license from the board of county commissioners, and shall not be prosecuted for selling, bartering or disposing of spirituous, vinous, fermented or malt liquors, without first having obtained license therefor, agreeably to the provisions of chapter 16 of the General Statutes." The effect of this provision of the charter is to substitute the city council for the board of county commissioners, as respects the granting of licenses to sell, etc., the liquors mentioned, within the limits of the city, so that a person selling there without license from the council may be prosecuted for a violation of the appropriate city ordinance, (if one there be,) or he may be indicted under the general law found in Gen. St. *c.* 16. Against such indictment, a license from the council is a defence. As respects the city of Rushford, the right to issue such licenses is in the city council exclusively. *State* v. *Schmail*, 25 Minn. 370, commented upon.

Appeal by defendant from a judgment of the district court for Fillmore county, *Page,* J., presiding.

*C. N. Enos*, for appellant, cited *State* v. *Schmail*, 25 Minn. 370, and *State* v. *Hanley*, 25 Minn. 429.

*Geo. P. Wilson*, Attorney General, for the State.

BERRY, J.   The defendant was indicted under Gen. St. *c.* 16, for selling malt liquor without license, in the city of Rushford, Fillmore county.   The city charter (Sp. Laws 1869, *c.* 2,) declares, in article 4, § 3, that the city council "shall have the exclusive right to license persons vending, dealing in or disposing of spirituous, vinous, malt or fermented liquors within the limits of said city; and persons so licensed shall not be required to obtain a license from the board of county commissioners, and shall not be prosecuted for selling, bartering or disposing of spirituous, vinous, fermented or malt liquors, without first having obtained license therefor agreeably to the provisions of chapter 16 of the General Statutes."   We think the effect of this provision of the charter is to substitute the city council for the board of county commissioners, as respects the granting of licenses to sell, etc., the liquors mentioned, within the limits of the city of Rushford.   The consequence is that a person selling there, without license from the council, may be prosecuted for a violation of the appropriate city ordinance, (if one there be,) or he may be indicted under the general law found in Gen. St. *c.* 16.   Against such indictment a license from the council is a defence, as a license from a county board may be in other and different circumstances; but, as respects the city of Rushford, the county board can issue no license, for the power of licensing to sell there is conferred upon the city council exclusively.

In *State* v. *Schmail*, 25 Minn. 370, a similar question was presented, and the same conclusion was arrived at as above in the case at bar.   But, though we have no doubt of the correctness of the conclusion in *State* v. *Schmail*, we are not quite satisfied, upon further reflection, with the reasoning upon which it is based.   It can better be placed upon the ground upon which we rest in this case.

With regard to the sufficiency of the evidence to sustain the prosecution, it must be admitted that it is meagre, as it is apt to be in prosecutions for this offence; but we think that Wagner's testimony, as supplemented by that of John Pfeifer, was enough to justify the court in refusing to dismiss, and in submitting the case to the jury, as well as to support the verdict.   The judgment is affirmed, and the sentence directed to be executed.