## STATE OF MINNESOTA *vs.* PAUL FLECKENSTEIN.

### October 4, 1879.

Intoxicating Liquors.—*State* v. *Pfeifer, ante,* p. 175, followed and applied to this case.

Case certified from the district court for Faribault county, *Dickinson,* J., presiding, the defendant having been tried and convicted on an indictment for selling intoxicating liquor without a license.

*Geo. P. Wilson,* Attorney General, for the State.

*S. W. Graham,* for defendant.

BERRY, J. The defendant was indicted under Gen. St. *c.* 16, for selling intoxicating liquor without license, in the village of Blue Earth City, in the county of Faribault.

The village charter (Sp. Laws 1872, *c.* 36,) declares in section 14, that "the village council shall have the exclusive right to license persons vending, dealing in or disposing of spirituous, vinous, malt or fermented liquors within the limits of said village; and persons so licensed shall not be required to obtain a license from the board of county commissioners, and shall not be prosecuted for selling, bartering or disposing of spirituous, vinous, malt or fermented liquors, if having first obtained license therefor, agreeably to the provisions of chapter 16 of the General Statutes." This provision is identi-

12

cal with a provision made by section 3, art. 4, of the charter of the city of Rushford, (Sp. Laws 1869, c. 2,) the effect of which we have at this term had occasion to consider in *State* v. *Pfeifer, ante,* p. 175, with the difference that in the Rushford charter the word "without" is used before the words "having first obtained license," in place of the word "if" before the same words, in the provision above quoted from the charter of Blue Earth City.

We do not regard this difference as important to the general result. The word "if" cannot be intended to preserve the right of license in the county board, for the leading idea of the sentence in which it occurs is the exclusive authority of the village council to license. The words, "if having first obtained license therefor," can, without violence, be read as referring to the license which the village council is authorized to grant. By no other reading can they be put in harmony with their context. So read, the provision is that a person licensed by the council shall not be required to obtain a license from the county board, and he shall not be prosecuted under the provisions of Gen. St. c. 16, for selling, etc., intoxicating liquors, if he has first obtained a license to sell, etc., from the village council. From this construction it follows that the rule laid down in the Pfeifer case is applicable to the case at bar.

The instruction given to the jury by the court below was in accordance with this rule, and there was no error in the conviction.