STATE OF MINNESOTA *vs.* BEN LANGDON.

August 28, 1882.

Indictment — Selling Intoxicating Liquors in Village of Worthington—General Law not Repealed by Incorporating Act.—The incorporating act of the village of Worthington enacts that no license shall be granted for the sale of malt, spirituous, or intoxicating liquor as a beverage. It forbids (as construed) all sales for such purpose, and imposes the penalty of fine or imprisonment for violation of such prohibitory provisions. It gives authority to the common council of the village, by ordinance, to restrain any person from selling such liquors, "unless duly licensed by the common council." *Held*, (1) that the power of the board of county commissioners, conferred by the general statutes, to grant li-

censes within the village, is not taken away, but is so limited that license
can be granted only for sales for other purposes than as a beverage. With
the same limitation the village council may also grant licenses. (2) That
the general law, making it a crime to sell liquors in less quantity than five
gallons without license, is not abrogated by the special act, but for such
unlicensed sales one may be indicted and punished under the general law.

Defendant having been indicted under Gen. St. 1878, c. 16, § 4,
in the district court for Nobles county, demurred to the indictment
which was as follows:

[Venue and title.]

"Ben Langdon is accused by the grand jury of the county of Nobles,
State of Minnesota, by this indictment, of the crime of selling malt
liquor in a less quantity than five gallons, without first having ob-
tained license therefor, committed as follows: The said Ben Lang-
don, on the 4th day of August, A. D. 1880, at the village of Worth-
ington, Nobles county, Minnesota, then and there being, did then
and there sell to one Joseph Loveless one quart of malt liquor, com-
monly called lager beer, worth and of the value of 25 cents, he, the
said Ben Langdon, not having a license to sell said liquor; contrary
to the form of the statute in such cases made and provided, and
against the peace and dignity of the State of Minnesota.

"Dated Worthington, Minn. April 6th, 1881.

"Wм. H. Ingraham,

"Foreman Grand Jury."

The demurrer was overruled by *Severance*, J., and, on defendant's
motion, the case was certified to this court, pursuant to Gen. St.
1878, c. 117, § 11.

*W. J. Hahn,* Attorney General, and *Geo. W. Wilson*, for the State.

*Daniel Rohrer,* for defendant.

Dickinson, J.   By indictment the defendant was accused, under
the provisions of the general law, of the crime of selling malt liquor
in the village of Worthington, in a less quantity than five gallons,
without first having obtained a license therefor.   The specific charge
in the indictment is a sale, to a person, and at a time and place
named, of "one quart of malt liquor, commonly called lager beer."
The indictment then proceeds: "He, the said Ben Langdon, not hav-

ing a license to sell said liquor; contrary to the form of the statute," etc. A demurrer to the indictment having been disallowed by the court, *Severance,* J., the cause was certified to this court pursuant to the statute.

There are thus presented for determination these questions: (1) Is the general law of the state relating to the sale of intoxicating liquors without license still in force, as respects the incorporated village of Worthington; and for unlicensed sales may one be prosecuted under such law? (2) Does this indictment sufficiently allege that the defendant was not licensed? Our opinion is further sought respecting the power of the village council to grant licenses.

It appears that there is no village ordinance upon the subject of the sale of intoxicating liquors. By an act of the legislature incorporating the village of Worthington (Sp. Laws 1873, *c.* 5,) it is enacted (section 14) that no license for the sale of malt, spirituous, or intoxicating liquors, as a beverage, shall be granted to any person within such village, and that no person shall vend, deal in, or, for the purposes of evading the provisions of law or of such act, give away or dispose of, on any pretext whatever, any such liquor. By the same section it is provided that any violation of such provisions shall be punished by a fine of not less than $25 nor more than $100, or by imprisonment for not less than one month nor more than three months. Section 16 of the same act gives to the common council of the village authority, by ordinance, to restrain any person from vending, giving, or dealing in such liquors "unless duly licensed by the common council." The act of incorporation does not, in terms, confer exclusive power upon the village authorities respecting the control or regulation of the sale of intoxicating liquors.

The following propositions should be borne in mind in construing the statute controlling the decision of this case: (1) The general law, expressing the long-settled policy of the state respecting the sale of intoxicating liquors, is not to be regarded as abrogated within a certain locality, and left operative generally, unless such an intention is apparent in the legislative enactments. (2) The repeal of a statute by implication is not favored. (3) Effect must be given to the whole of a legislative enactment, if possible, and one provision should not

be construed as nullifying another, unless such a construction is unavoidable. The application of these principles in the case before us leads to these conclusions.

1. By the general law of the state, the board of county commissioners is empowered to grant licenses for the sale of such liquors, without restriction in respect to the use or purpose for which they may be sold. The same general law, however, limits this power by the proviso that no license shall be granted for the sale within any municipal township where the people shall have voted against license. Within the village of Worthington the authority of the county commissioners to license is further limited by section '14 of the charter, prohibiting license to be granted for the sale of intoxicating liquors *as a beverage.* Except as prohibited by this express limitation, the board may still exercise the power conferred by the general law of the state, and may hence license the sale for other purposes than as a beverage; for instance, for medicinal uses, or for use in any art or trade.

2. By virtue of section 16 of the village charter, the common council of the village is also invested with authority to license the sale of liquors for other purposes than as a beverage. The power conferred to restrain sales, by ordinances having the force of law, "unless duly licensed by the common council," is plainly a grant, by implication, of power to license. But this power is also limited, by section 14, to sales for other purposes than as a beverage.

3. The prohibition against sales contained in section 14, and the penalty there prescribed, apply only to sales as a beverage. The law authorizing the licensing of sales for other purposes than as a beverage, it is not reasonable to construe the same law as absolutely prohibiting such sales as may lawfully be made under license. The law, then, absolutely prohibits the granting of license for the sale of malt, spirituous, or intoxicating liquors, as a beverage, within this village, and prohibits any sale for such purposes. For other purposes the county commissioners may grant licenses, and so may the village council.

4. A sale in a quantity less than five gallons, by one who has not a license from the board of county commissioners, is by the general

statute made a criminal offence, punishable by fine. The special act authorizing the village council to restrain any person from selling, unless such person shall first have procured a license from that body, does not abrogate the general law. We are not called upon at this time to decide whether a license from the village council would be a defence to a prosecution under the general law, or whether one can lawfully sell after having procured a license from both the county commissioners and the village council.

5. That part of the village charter already referred to, which prohibits any sale as a beverage, and imposes for its violation the penalty of fine or imprisonment, does not do away with the general law forbidding sales without license. Within the village of Worthington, the statutes have created two offences, and prescribed a different punishment for each. One offence consists in a sale without a license. This is made criminal by the general law, irrespective of the purpose for which the sale is made. While, undoubtedly, the object sought to be accomplished was the prevention and suppression of intemperance, the legislature has proposed to attain that end by placing the traffic in intoxicating liquors in small quantities only in the hands of persons licensed by public authority to engage in it, and by allowing sales for any purpose to be made only by persons so licensed, and acting under the regulations which the statutes prescribe. The other offence is created by the special act, and consists in a sale as a beverage. As to one selling for such purpose, it is not important whether he had or had not a license to sell. The prohibition is absolute, and the statute relating to license has no application to such a case. We are not called upon to decide as to whether a prosecution to judgment for one of these offences would bar a prosecution for the other.

The result of our consideration of the statutes is that for selling without license malt liquor, in a less quantity than five gallons, the defendant was subject to indictment under the general law, and to the punishment prescribed by it. The indictment is in form like that in *State* v. *Lavake*, 26 Minn. 526, excepting as to the description of the liquor sold. In that respect the indictment is sufficient, and the case cited determines this.

The order of the court below is affirmed, and the cause remanded for further proceedings.