### STATE OF MINNESOTA *vs.* BEN LANGDON.

December 19, 1883.

**Intoxicating Liquor—General Law—Village Charter.**—The general law making the sale of intoxicating liquors by persons not licensed a criminal offence, remained in force within the village of Worthington notwithstanding the provisions of the special act of incorporation; but, by force of the special act, the sale of such liquors as a beverage was prohibited, and a penalty prescribed therefor.   Upon an indictment under the general law for selling without a license, it appeared that the sale for which the defendant was indicted was made as a beverage.   *Held*, that this did not render the general law inapplicable to the case.   *State* v. *Hanley*, 25 Minn. 429, commented upon.

**Same—Evidence as to Time of Offence committed.**—Questions to a witness on the part of the state, designed to elicit testimony in proof of the commission of an offence at a given time, but the answers to which do not tend to prove any offence committed at that time, do not prevent the state from showing an offence committed at another time.

Defendant, having been convicted in the district court for Nobles county of the offence of selling malt liquor in a less quantity than five gallons, without first having obtained license therefor, under the indictment reported in *State* v. *Langdon*, 29 Minn. 393, appeals from an order by *Severance*, J., refusing a new trial.

*Daniel Rohrer,* for appellant.

*W. J. Hahn,* Attorney General, for the State.

DICKINSON, J. This cause was before this court at a former term, upon questions relating to the sufficiency of the indictment. 29. Minn. 393. It was then held, in effect, construing the provisions of the general law, as modified by the special act incorporating the village of Worthington, that the general law, making the sale of intoxicating liquors in a less quantity than five gallons, without a license, a criminal offence, was still in force within the village of Worthington, and that the board of county commissioners might grant licenses for that purpose, but no license would have the force of authorizing the sale of liquors as a beverage. The indictment, which was framed under the general statute for a sale without license, was sustained. The cause having been tried and the defendant convicted, an appeal is now taken from an order refusing a new trial.

Upon the trial it appeared that the sale for which the defendant. was convicted was made for the purpose of a beverage. It is claimed that this fact shows the case to be not within the scope of the general law. The state has adopted the general policy of restricting the selling of intoxicating liquors in small quantities to such persons as should be specially authorized by license to engage in that business. One selling without having acquired such authority commits the offence prescribed by the general law—selling without having a license. The license contemplated by the statute is not particular, having specific reference to some individual sale, but general, authorizing the licensee to sell intoxicating liquors in quantities less than five gallons; although the authority thus conferred does not, of course, extend beyond the particular limitations imposed by the statute. Hence, the purpose for which a particular sale is made is not material, when the inquiry is whether a person has been engaged in selling without having a license. It is no defence in such a case that the particular sale for which he is accused was one which even a license would not have sanctioned; nor that the act was within the scope of another penal statute. For instance, the statute forbids the sale by any person to a minor, or to an habitual drunkard, and imposes a penalty for its violation. A license would confer no right to sell to such per--

sons. Yet it cannot be doubted that an unlicensed vendor in such a case would be guilty of the offence of selling without a license. In the case under consideration, the defendant, if he had been licensed, could not have lawfully made this particular sale, for it was of a kind which is specifically forbidden by the special law applicable within the village. But a license would have made the defendant an authorized vendor, although he would have still been required to exercise his right to sell within the limitations and restrictions imposed by statute. It would have saved this act from being criminal under the general law. From the want of a license the act of selling was a violation of that law.

The defendant relies upon *State* v. *Hanley*, 25 Minn. 429. From the difference in the facts in the two cases that decision is inapplicable here. In this case, as has been decided,—*State* v. *Langdon*, 29 Minn. 393,—the statutory authority for granting licenses within the village of Worthington remained, notwithstanding the provisions of the special act, and to sell without having obtained a license was an offence within the provisions of the general law. On the contrary, the case of *State* v. *Hanley* was decided upon the fact of the want of such authority in the village of Kasson. We have no doubt of the correctness of the decision of that case. But it is said *arguendo*, in the opinion, that Hanley was not liable under the general law, because that has reference only to sales by persons who are permitted to apply for license, and to whom license might lawfully be granted. The learned judge who wrote that opinion now suggests that this language is not satisfactory; that the decision should have been more distinctly placed upon the ground that the effect of the vote against license, under the special law involved in the case, was to put the applicable provisions of the special law in the place of the general law in the village of Kasson; that the general law thereupon ceased to be operative in that place, so that unauthorized sales of liquor there were no longer offences against the general law, but against the special law alone. In these suggestions we all concur. The case is not, in any view of it, authority for the defendant in the case at bar.

The court did not err in receiving proof of the commission of the offence in July, although a witness had been asked, on the part of

the state, whether such an offence had been committed in August. No evidence had been elicited by the former questions which tended to show the commission of any offence other than that of which the defendant was convicted.

Order affirmed.