STATE OF MINNESOTA *vs.* WILLIAM NOLAN.

May 13, 1887.

Intoxicating Liquors—Charter of Village of Windom.—By the charter of the village of Windom, (Sp. Laws 1875, c. 24,) it was not intended to abrogate, as respects that locality, the general law of the state prohibiting the selling of intoxicating liquor without license, although the village council alone were authorized to grant licenses, and were invested with authority to restrain, regulate, and control, "to the entire exclusion of any control or right to regulate or restrain, in said matters, by any board, officer, person, or municipality of this county."

The defendant was convicted in the district court for Cottonwood county on an indictment for selling intoxicating liquors without a license. Upon the trial before *Perkins, J.*, it appeared that the sale

was made in the village of Windom. The action was certified to this court under Gen. St. 1878, *c.* 117, § 11.

*J. S. Ingalls,* for the State.

*Geo. W. Wilson,* for defendant.

DICKINSON, J. The question is here presented whether the effect of the special law incorporating the village of Windom (Sp. Laws 1875, *c.* 24) was to abrogate, as respects that locality, the general law of the state relating to the sale of intoxicating liquors, so that one selling without license was not subject to indictment and punishment under the general law. The provisions to be considered are found in section 21, which gives the village council authority by ordinance "* * * to restrain, or license and regulate, the vending, dealing in, or disposing of, and all persons vending, dealing, or disposing of, spirituous, vinous, fermented, or malt liquors." In a proviso it is further enacted that the council "may at any time revoke any license granted under this act for any violation of the general laws of this state, this act, or any by-law, rule, or ordinance of said village: * * * provided, further, that said common council shall have exclusive jurisdiction and control of all the matters in this subdivision specified, to the entire exclusion of any control, or right to regulate or restrain, in said matters, by any board, officer, person, or municipality of this county." Further provision is made enabling the voters of the village to determine at the annual elections whether the village council shall be authorized to grant licenses.

The effect of this enactment was to confer upon the village council the power to restrain the sale of intoxicating liquors, or to license and regulate the business, to the exclusion of the board of county commissioners and of all other local authorities, none of whom have power to license, control, or regulate it. But that does not necessarily indicate a purpose on the part of the legislature that the *state* shall relinquish all control over the subject, abrogating the general law, as respects this locality, and leaving the business to be carried on without any license, regulation, or restraint, unless the village authorities shall elect to impose some restraint in the exercise of the power conferred upon them. The general policy of the state, expressed in the provisions of the general law,—such as that forbidding

v.37m—2

sales to minors and drunkards, sales on Sundays, sales without license, etc.,—were never subject to the action of county commissioners or other local authorities; and, in excluding those officers from the power to control or regulate the business in this village, the legislature did not also annul or repeal those provisions of the general law which such officers had no power to modify or affect. The "exclusive jurisdiction and control" which is conferred upon the council is explained and limited by what immediately follows, showing that the intent was merely to exclude the authority of the county commissioners and other local officers, but not otherwise to do away with the general law. This is very similar to *State* v. *Pfeifer*, 26 Minn. 175, (2 N. W. Rep. 474,) and *State* v. *Fleckenstein*, 26 Minn. 177, (2 N. W. Rep. 475.) The intention to abrogate the general law as respects a particular locality should be very apparent to justify a construction of a special act leading to that result. *State* v. *Langdon*, 29 Minn. 393, (13 N. W. Rep. 187.)

This further reason is worthy of consideration. The village council is declared to have the power to revoke licenses for any violation of the general laws of the state. We think that the general laws here referred to are those laws relating to this subject of intoxicating liquors, and not those which are in no way related to it. If this is so, it is obvious that it was not intended to annul the general law.

Our conclusion is that the general statute remained in force within the village, and that to sell without license was a violation of it, subjecting the offender to indictment and punishment.

Another question was certified to us for decision; that is, whether the court should take judicial notice of the incorporation of the village under the General Laws of 1883. It is conceded, on the part of the state, without argument, that this is not a proper matter of judicial notice. We see no reason to doubt the propriety of the concession.

The cause will be remanded for further proceedings upon the conviction.