STATE OF MINNESOTA, *ex rel.* James P. Ahern, *vs.* A. F. ANDERSON.

October 26, 1891.

**Intoxicating Liquor—Jurisdiction of Justice of the Peace.**—Under the statutes as now existing, a justice of the peace has no jurisdiction to hear and determine a criminal charge for selling intoxicating liquors without a license, or for an attempt to evade the statute prohibiting such sales.

The relator was convicted before a justice of the peace of Goodhue county, on a complaint for selling intoxicating liquor, to wit, one quart of beer, without a license, and by means of a contrivance known as a "hole in the wall," used to conceal the violation of the law, and was sentenced to pay a fine of $25 with $30.55 costs, "and to stand committed to the county jail for a term not less than 30 days unless such fine and costs be sooner paid." Being imprisoned under a commitment on this judgment, he obtained a writ of *habeas corpus* from the district court for the same county, where, after a hearing before *Crosby,* J., an order was made discharging him from custody. From this order the state and the respondent below appealed.

*S. J. Nelson,* for appellants.

*J. C. McClure* and *F. M. Wilson,* for respondent, (relator.)

VANDERBURGH, J. Chapter 6, Laws 1887, entitled "An act to further regulate the sale of or disposition of intoxicating liquors," expressly repeals all parts of acts inconsistent therewith. And section

4 read in connection with section 4, *c.* 16, Gen. St. 1878, necessarily repeals the inconsistent provisions of the latter section in respect to the penalty imposed for selling or disposing of liquors without a license. Under the statute as it now stands, the offence is punishable by both fine and imprisonment. The penalty, in extent and scope, is therefore beyond the jurisdiction of justices' courts. The relator was prosecuted upon complaint before a justice of the peace for a violation of the provisions of the statute in question, as it is alleged, and was convicted, fined, and committed in default of payment of the fine. As the court had no jurisdiction to try and determine the case, for the reason stated, the order of the district court discharging the relator upon *habeas corpus* was proper. By chapter 7, Laws 1887, it is made a separate offence to attempt to evade the license law by resorting to certain devices to conceal the violation thereof. The complaint upon which the warrant was issued was perhaps sufficient to sustain the prosecution under that act, assuming that the justice had jurisdiction to try such offence. But we meet with the same objection here. By the provisions of the last-named act, the offence is made a misdemeanor, which *may* be punished by both fine and imprisonment, and the justice was equally without jurisdiction to try and determine a criminal charge under that chapter. *State* v. *West,* 42 Minn. 147, (43 N. W. Rep. 845.)

Order affirmed.