[Argued March 14, 1893; decided March 20, 1893.]

## STATE v. C. P. BYAM.

[S. C. 32 Pac. Rep. 623.]

1. EVIDENCE— PUBLIC RECORDS.— The contents of public records cannot be proved by parol as a general proposition; and the question whether the contents of public records that are not within the jurisdiction of the court can be proved by persons skilled in such work, is not necessary to be decided here, since it is not shown that the records examined by the witness were public records.

2. CRIMINAL LAW— BURDEN OF PROOF— SELLING LAND WITHOUT HAVING TITLE— CODE, ¿ 1783.— In criminal cases the burden of proof is always on the prosecution, and under an indictment for selling land without having title thereto, the burden of proof does not rest upon the defendant to show that he had title, but rests upon the prosecution to show by competent evidence that the defendant did not have title to the property conveyed.

Multnomah County: MORTON D. CLIFFORD, Judge.

Defendant appeals.    Reversed.

*Nathan D. Simon (McGinn & Sears* on the brief), for Appellant.

*Geo. E. Chamberlain*, attorney-general, and *Wilson T. Hume*, district attorney, for Respondent.

The defendant was convicted and sentenced to imprisonment in the penitentiary for the crime of selling and conveying real estate without having title thereto, under section 1783 of Hill's Annotated Laws of Oregon. The real estate which defendant is charged to have fraudulently so conveyed is situated in the town of Wheaton Heights, Du Page County, Illinois. The state, in order to maintain the issues on its part, and to show that defendant had no title to the property conveyed, called as a witness one George S. Lewis, who testified on direct examination that he was the constable of Albina District, Multnomah County, Oregon; that he was in Wheaton Heights in December, 1892, and while there, in company with one Ira Brown, a real estate dealer, examined the records of Du Page County, and found that defendant

did not own any property appearing of record in that county; that Ira Brown was, or claimed to be, in possession of the property defendant is charged with having sold, and told witness he was the owner. On cross-examination the witness testified that he did not have a description of the property, and could not tell who was the owner, and all he knew about the ownership was what Brown told him; that he did not know whether the records he examined were the records of deeds for the county, or whether the place where he made the examination was the county seat. All he knew about the matter was that Brown told him they were the records of Wheaton Heights, and he found them in a building at that place, in charge of some person he supposed to be a clerk in the office, and that these books were shown him in response to his request for permission to examine the records affecting the title to the land in question. This evidence, which was admitted under the objection and exception of the defendant, on the ground that it was incompetent and hearsay, is all the evidence given or offered on the trial showing, or tending to show, that defendant did not own the property conveyed by him. At the close of the testimony the defendant, by his counsel, moved the court to direct the jury to return a verdict of acquittal on account of a total failure of proof, which being overruled, defendant was convicted, sentenced to imprisonment, and now brings this appeal, assigning as error the admission of Lewis' testimony, and the refusal of the court to direct the jury to return a verdict of acquittal.

BEAN, J. (after stating the facts). — The mere statement of Lewis' testimony is sufficient to show its manifest incompetency. He does not know, or pretend to know, anything about the title to the land, except what Brown told him, and what information he received from looking at the supposed records.

1. That the contents of a public record cannot be proven by parol is so elementary that it would be useless

to cite any authorities in support of the principle; and, if it be conceded that in cases of this character, where the records are not within the jurisdiction of the court, the evidence of a witness skilled in the examination of records and in searching titles is competent to prove that the name of a certain person does not appear upon the record of titles as the owner of property (*Burton* v. *Driggs*, 20 Wall. 125; 1 Greenl Ev. § 93), the testimony of Lewis does not come within the rule, because it does not appear that he is skilled in such matters, or that the record he claims to have examined was in fact the record of titles for Du Page County, or the official record of the titles to property in Wheaton Heights. It seems to us, therefore, that there is a total failure of evidence tending to prove one of the material allegations of the indictment.

. 2. We are unable to agree with counsel for the state that this is a case in which the burden of proof rests upon the defendant to show that he did actually have title to the property conveyed by him. In all criminal cases the law requires the prosecution to prove every material allegation of the indictment by competent evidence: 1 Bishop, Crim. Proc. § 1056. It has been held, it is true, in prosecutions for selling liquor without a license, that the defendant must show that he was authorized to make the sale. But this is an apparent, rather than an actual, exception to the rule, founded on necessity and grounds of public policy. It proceeds upon the theory that, all sales of liquor being prohibited, except licensed sales, when a sale is shown, the presumption *prima facie* is that it is unlawful, and this presumption makes out a case for the state unless it is overcome by proof of license: Bishop, Stat. Crim § 1051; *State* v. *Schmail*, 25 Minn. 370. But, conceding that this rule applies in prosecutions for selling liquor without a license, no such presumption can attach in the case of an execution of a conveyance of real property. It is not prohibited by law, nor is it *prima facie* unlawful, but the presumption is that every conveyance of real estate is law-

ful, and before a conviction can be had in such case the prosecution must prove, by competent evidence, every material ingredient of the statutory crime, among which is the want of title in the defendant to the property conveyed. There being no such proof in this case, the court should have directed a verdict of acquittal, and for a failure to do so, the judgment must be reversed and the cause remanded.