STATE OF MINNESOTA v. MARTIN P. HOLT.[1]

October 20, 1897.

Nos. 10,751—(19).

| 69 | 423 |
| 70 | 466 |

| 69 | 423 |
| 85 | 114 |

| 69 | 423 |
| 86 | 152 |

**Intoxicating Liquor—Laws 1895, c. 259—Repeal of General Statutes.**
> *Held*, Laws 1895, c. 259, did not repeal by implication prior general statutes prohibiting the sale of intoxicating liquors without a license, and the prosecutor may proceed under such prior statutes, although said chapter 259 is applicable.

**Same—Indictment—Negativing Exceptions.**
> *Held*, further, in an indictment drawn under G. S. 1894, §§ 1993, 2029, it is not necessary to negative the exceptions or conditions contained in said chapter 259.

Case certified from the district court for Grant county, C. L. Brown, J., on the question of the sufficiency of an indictment for the sale of intoxicating liquor without a license. Indictment sustained.

*H. W. Childs*, Attorney General, and *M. Casey*, County Attorney, for the State.

*C. J. Gunderson*, for defendant.

CANTY, J.

The indictment against the defendant is as follows:

"Martin P. Holt is accused by the grand jury of the county of Grant, in the state of Minnesota, by this indictment, of the crime of selling and disposing of malt liquor in less quantity than five gallons without first having obtained license therefor, committed as follows: The said Martin P. Holt, on the 28th day of July, A. D. 1896, at the village of Elbow Lake, in the county of Grant, and state of Minnesota, did then and there sell and dispose to one Patrick Stack four quarts of malt liquor, commonly called lager beer, worth and of the value of one dollar, he, the said Martin P. Holt, not having a license to sell said liquor," etc.

This indictment is evidently drawn under G. S. 1894, § 1993, which, so far as here material, reads as follows:

[1] Reported in 72 N. W. 700.

"Whoever sells or barters any spirituous, vinous, fermented or malt liquors, in a less quantity than five gallons, without first having obtained license therefor, agreeably to the provisions of this chapter, or disposes of any spirituous, vinous, fermented or malt liquors, under any pretext or in any manner, shall be deemed guilty of a misdemeanor."

The penalty for the violation of this section was modified by a section of a subsequent statute, which appears as G. S. 1894, § 2029. See State v. Orth, 38 Minn. 150, 36 N. W. 103.

Laws 1895, c. 259, § 1, provides:

"Whenever the people of any village or municipal township shall have voted against the issuance of license for the sale of intoxicating liquors therein, it shall thereafter be unlawful for any person or corporation to sell, barter or give away the same therein at retail or wholesale in any quantity whatever."

The penalty provided by section 2 for the violation of said section 1 is the same as that provided by said section 2029 for the violation of its provisions and those of said section 1993.

When defendant was arraigned on the indictment, he moved to quash the same. The record further states:

"The county attorney, for the purposes of the motion, admitted that at the annual village election held in and for said village of Elbow Lake in March, 1896, the question of licensing the sale of intoxicating liquors therein was duly submitted to the people thereof, and that the electors of said village duly voted against the issuance of such license. That said vote was in full force and effect at the time of the sale charged in the indictment."

The court overruled the motion. These facts are duly certified to this court, with the following questions:

"Is it necessary, in an indictment for the unlawful sale of intoxicating liquors in a less quantity than five gallons, when the unlawful sale took place within an incorporated village not having the exclusive control of the sale of such liquors, which village had previously voted against the issuance of license, to allege and charge that the people of such village had so voted against license? Should such an indictment be framed under chapter 259 of the general laws of 1895, or may it be framed under the general statutes?"

When the people of the village voted against the sale of intoxicating liquor, the provisions of said chapter 259 took effect in the

village; and on the authority of State v. Hanley, 25 Minn. 429, counsel for defendant contends that thereby said sections 1993 and 2029 ceased to be in force in said village. The attorney general cites State v. Langdon, 29 Minn. 393, 13 N. W. 187, and 31 Minn. 316, 17 N. W. 859, to the contrary.

Whether or not the latter case is inconsistent with the former, and, in effect, overrules it (notwithstanding the effort of the court in the latter to distinguish the former), we need not now consider. The question in both of those cases was whether or not a subsequent special or local law, applying only to the particular village, repealed by implication a prior general law, so far as the latter applied to such village. In this case the question is whether a subsequent general law repealed by implication a prior general law. It is well settled that under such circumstances a special law will partly repeal a general law where one general law would not repeal another. Bishop, St. Crimes (2d Ed.) §§ 112a, 112b, 126. Repeals by implication are not favored. It is well settled that the same act may constitute an offense under the common law and also under a statute, or under several different statutes, and the prosecutor may proceed under whichever law or statute he sees fit. Bishop, St. Crimes, §§ 143, 163d, 163e, 164, 166, 167, 169. In our opinion, it was not the intention of the legislature, by enacting said chapter 259, to repeal the prior statutes. Neither is it necessary, in an indictment under one statute, to negative the exceptions contained in a subsequent independent statute. Rex v. Pemberton, 2 Burrows, 1035; 1 Bishop, Cr. Proc. (3d Ed.) § 513.

This answers the questions certified, and the case is remanded for further proceedings.