STATE v. HUGH McCOY.[1]

May 9, 1902.

Nos. 12,898—(16).

## Sale of Intoxicating Liquor.

Laws 1901, c. 252, prohibiting and punishing the maintaining of blind pigs, or places or devices for the unlawful sale of intoxicating liquors, does not repeal any part of G. S. 1894, § 2029, providing for the punishment of the sale of such liquors without a license.

[1] Reported in 90 N. W. 305.

Defendant having pleaded guilty to an indictment charging him with the crime of selling intoxicating liquor without a license, judgment was entered in the district court for St. Louis county sentencing him to pay a fine of $50 and costs, and to be confined in the county jail for a period of thirty days. Defendant appealed from the judgment. Affirmed.

*White & McKeon,* for appellant.

*W. B. Douglas,* Attorney General, and *C. W. Somerby,* Assistant Attorney General, for the State.

START, C. J.

The grand jury of the county of St. Louis returned an indictment against the defendant, Hugh McCoy, the here material allegations of which are these:

"The said Hugh McCoy, on the sixteenth day of October, A. D. 1901, * * * in the said county of St. Louis and state of Minnesota, * * * unlawfully * * * did sell and dispose of to one J. S. Gordon spirituous liquor, to wit, one pint of whisky, without first having obtained license therefor agreeably to the laws of the state of Minnesota."

To this indictment he pleaded guilty. Thereupon the district court sentenced him to pay a fine of $50 and costs of prosecution, and be confined in the common jail of the county for thirty days. He appealed to this court from the judgment.

It is manifest that the indictment charges the offense of selling intoxicating liquors without a license, as defined by Laws 1887, c. 6, § 4; G. S. 1894, § 2029,—which provides that

"Whoever sells, barters, gives away, or otherwise disposes of any spirituous, vinous, fermented, or malt liquors, without first having obtained license therefor agreeably to the laws of this state shall * * * be punished by a fine of not less than fifty dollars nor more than one hundred dollars, together with the costs of prosecution, and by imprisonment in the county jail not less than thirty days, nor more than ninety days."

The punishment imposed upon the defendant was in strict accordance with the statute. The defendant, however, contends that the penalty clause of this statute was repealed by Laws 1901, c. 252, the here material provisions of which are these:

"An act to prohibit so-called 'blind pigs,' and other places and devices for keeping, selling or using intoxicating liquors contrary to law; to abolish the practice of handling intoxicating liquors under false and fictitious names; and to effect the confiscation of intoxicating liquor unlawfully handled, together with the appliances used in such unlawful handling of intoxicating liquors.

"Be it enacted by the legislature of the state of Minnesota:

"Section 1. Every person who shall directly or indirectly keep or maintain, by himself or by associating or combining with others, or who shall in any manner aid, assist or abet in keeping or maintaining any blind pig or other room or rooms, place or places in which intoxicating liquors are received or kept for unlawful use, barter or sale, as a beverage or for unlawful distribution or division among the members of any club or association by any means whatever within the limits of any township, village, city or county which has voted against granting license to sell intoxicating liquors, or where by municipal charter or ordinance or by state law the sale of intoxicating liquor is forbidden; and every person who shall receive, barter, sell, assist or abet another in receiving, bartering or selling any intoxicating liquors so received or kept, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished as hereinafter set forth."

Sections 2, 3, 4, and 6 provide for the necessary machinery for the seizure and destruction of intoxicating liquors found in the places of secret sale of such liquors designated in section 1 of the act, and for the abatement by injunction of such places as nuisances.

"Sec. 5. Any person violating any provision of this act shall, upon conviction of same, be fined not less than twenty-five dollars nor more than seventy-five dollars, or in lieu thereof be imprisoned not less than thirty days nor more than sixty days for the first offense. For the second offense the punishment shall be a fine of not less than fifty dollars nor more than one hundred dollars, or in lieu thereof, imprisonment not less than sixty days nor more than eighty days. For the third and each subsequent offense by imprisonment for not less than sixty days nor more than three months."

"Sec. 7. All laws and parts of laws inconsistent herewith are hereby repealed."

If the offense of selling intoxicating liquors without a license,

as defined and punished by G. S. 1894, § 2029, is one of the offenses defined and punished by Laws 1901, c. 252, the contention of the defendant is correct; otherwise not. The mere reading of the title and provisions of Laws 1901, c. 252, clearly shows that the acts thereby forbidden and punished do not include the offense defined and punished by G. S. 1894, § 2029. It is apparent that the act of 1901 is directed against blind pigs and clubs conducted for the purpose of evading the liquor laws in the prohibition districts of the state, and that it provides for the punishment of two offenses: First, the keeping or maintaining of any blind pig or other place in which intoxicating liquors are received or kept for unlawful sale or distribution among the members of any club within the limits of any prohibition district,—that is, of any political subdivision of the state wherein the people have voted against the granting of license for the sale of intoxicating liquors, or such sale is forbidden by municipal charters and ordinances or other laws; second, the receiving or selling of any intoxicating liquors so received or kept in such blind pig or place. The first offense relates to the place where such liquors are received and kept, and the second one to receiving or selling the same. Neither of these offenses is the one punished by G. S. 1894, § 2029, hence no part thereof is repealed by Laws 1901, c. 252, defining and punishing such separate offenses. State v. Anderson, 47 Minn. 270, 50 N. W. 226; State v. Holt, 69 Minn. 423, 72 N. W. 700.

Judgment affirmed.