# STATE EX REL. MRS. ED. PLASTER AND ANOTHER v. THOMAS H. MAHER.[1]

July 24, 1925.

No. 24,866.

**Authority of justice of the peace to imprison until costs of prosecution are paid.**

1. A justice of the peace who punishes an offense by imprisonment, and imposes costs, may not coerce the payment of costs by imprisonment until paid, when the penalty of imprisonment imposed for the offense and the imprisonment for failure to pay the costs, together exceed three months imprisonment.

**Excessive sentence must be served as to valid portion.**

2. A sentence imposing imprisonment as a punishment, and imprisonment to coerce the payment of costs, the two exceeding three months, is not void altogether; and one imprisoned is not entitled to his liberty until he has served the valid portion of his sentence.

1. See Costs, 15 C. J. p. 343, § 861.
2. See Habeas Corpus, 29 C. J. p. 59, § 50.

[1]Reported in 204 N. W. 955.

Upon relation of Mrs. Ed. Plaster and another the court commissioner of Washington county granted a writ of habeas corpus directed to the sheriff of that county. After hearing before him, Thelen, commissioner, discharged the writ and remanded relators to the custody of the sheriff, as stated in the first paragraph of the opinion. Relators and the sheriff appealed. Writ quashed.

*H. M. Comfort,* for appellants.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General and *Chester S. Wilson,* County Attorney, for respondent.

PER CURIAM.

A writ of habeas corpus was issued by the court commissioner of Washington county, on the petition of the relators Plaster and Wilhelm, directed to the sheriff of Washington county, in whose custody the relators were upon a conviction before a justice of the peace of the crime defined by G. S. 1923, § 10188, G. S. 1913, § 8706. Upon a hearing the commissioner discharged the writ and remanded the relators to the custody of the sheriff, but he held that the portion of the sentence imposing imprisonment until the payment of costs was void and should not be enforced. Both relators and the sheriff appeal. Under the statute the appeal brings the writ to this court for a trial de novo.

The offense defined by the statute is a misdemeanor and the punishment prescribed is a fine of not less than five dollars or imprisonment in the county jail for not less than ten days. Plaster was sentenced to serve 60 days and Wilhelm to serve 90 days. The costs were $76.96. Each of the relators was adjudged to pay one-half, and in default to be imprisoned in the county jail for one day additional to the imprisonment sentence for each dollar of such costs.

A justice of the peace does not have jurisdiction "in a criminal case where the punishment shall exceed three months imprisonment, or a fine of over one hundred dollars." Const. art. 6, § 8. The justice had jurisdiction of the offense charged, for the punishment prescribed is within constitutional limits. If there is error, avail-

able on habeas corpus, it is in the imposition of costs and the coercion of their payment by imprisonment.

It is provided by G. S. 1923, § 9485, G. S. 1913, § 7988:

"In all criminal actions, upon conviction of defendant, in addition to the punishment prescribed and as a part of the sentence, the court may adjudge that defendant shall pay the whole or any part of the disbursements of the prosecution; and payment thereof may be enforced in the same manner as the sentence, or by execution against property."

In State v. Morehart, 149 Minn. 432, 183 N. W. 960, it was held that costs could be imposed and their payment coerced under this section, though the punishment was by imprisonment. In that case there was an indictment. The court said:

"The payment of the state's disbursements is not part of the penalty, but something in addition thereto. The evident purpose of the statute is not the punishment of the offender, but the reimbursement of the state."

In State v. Peterson, 38 Minn. 143, 36 N. W. 443, the court said that the commitment until payment of the fine was not a part of the penalty for the offense, but to compel obedience, and "a reasonable exercise of this power is inherent in the court."

In State v. Schmail, 25 Minn. 370, it was held that a justice was authorized to "render judgment for costs besides the fine." There is statutory authority for imposing costs where there is a fine in G. S. 1923, § 9142, G. S. 1913, § 7651, which is as follows:

"In all cases of conviction under this subdivision the justice shall enter judgment for the fine and costs against defendant, and may commit him until the judgment is satisfied, or issue execution on the judgment to the use of the county: Provided, that no justice shall commit a defendant under this section for more than three months."

The question is whether a justice may impose imprisonment for the full 90 days or three months, or less than such period, and adjudge that defendant pay costs of prosecution and coerce payment

by imprisonment, when the total imprisonment for the offense, added to the imprisonment for failure to pay the costs, will exceed three months. No case precisely meets it. No statute expressly denies the right to add costs to the imprisonment and coerce its payment by imprisonment, nor does any statute grant the power. The limitation of the Constitution is upon the jurisdiction of a justice to try a case, and here the justice had jurisdiction, but we are of the opinion that there is implied in the Constitution a withholding from the justice of the rights to render a judgment which may involve imprisonment for more than three months. The justice is denied in terms jurisdiction to try a case where the statute allows imprisonment for a longer period than three months. The statute, section 9142, even in the case of a fine, does not allow a commitment for fine and costs to an imprisonment for more than three months. The sentence was invalid.

2. The sentence was not void altogether. In State v. West, 42 Minn. 147, 149, 43 N. W. 845, where the sentence was held void altogether, there was not jurisdiction to try it. The same is true of State v. Anderson, 47 Minn. 270, 50 N. W. 226. If the sentence were that of the district court, a court of general original jurisdiction, a remand for a proper sentence would be proper. State v. Reed, 138 Minn. 465, 163 N. W. 984, and cases cited; State v. Langum, 125 Minn. 304, 146 N. W. 1102, and cases cited. But not so when the sentence is that of a justice. See State v. Rice, 145 Minn. 359, 177 N. W. 348. There is, however, no persuasive objection to enforcing the judgment so far as it is valid, and it is valid to the extent of the imprisonment imposed as a punishment for the offense. The writ of habeas corpus is not a substitute for an appeal. If the relators wanted a review they should have appealed. When the writ was submitted the relators had not served the valid part of their sentence and were not entitled to their liberty.

Writ quashed.