THE STATE, Appellant, v. JAMISON, Respondent.

1. It is no defence to an indictment for selling intoxicating liquor without a license, that the County Court, acting under the act of March 1, 1851, and in consequence of a remonstrance of a majority of the taxable inhabitants of a township, refused to grant such license. Whether the license is withheld rightfully or wrongfully, is immaterial.

*Appeal from Crawford Circuit Court.*

This was an indictment for selling liquor without a license. Defendant moved to quash the indictment, and made an order of the County Court of Crawford county a part of the motion. Said order is as follows : " Upon the presentation of a petition, signed by a majority of the taxable inhabitants of this municipal township, to-wit, the township of Meramec, in Crawford county, signed by one hundred and eight, remonstrating against the County Court granting any dram-shop license for said township within the year next succeeding this, the presentation of said petition ; and the court being satisfied that the said remonstrance was signed by a large majority of the taxable inhabitants of said township, it is ordered by said court that no license for the keeping of dram-shops in said township, for the next twelve months from this date, shall issue."

The ground for the motion to quash was that the act of

March 1st, 1851, (see Sess. Acts, 1851, p. 216,) under which the above order was made, is unconstitutional and void. The court held said act to be unconstitutional; whereupon the State appealed to this court.

*H. A. Clover*, for the State.

*C. Jones*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

There is a sufficient bill of exceptions here, although very informally drawn. The constitutionality of the act of 1st March, 1851, upon which the case was determined in the court below, is not involved in the record, and of course we express no opinion upon it. The indictment is sufficient, and it is no defence that the County Court improperly refused the defendant a license when he applied for it. It is the *granted license* that justifies a party in carrying on the business of a a " dram-shop keeper," and therefore, even although the County Court ought to have granted it notwithstanding the remonstrance of the inhabitants, (about which we express no opinion,) yet, as they did not, the defendant had no authority to engage in the prohibited trade. It may be that it was improperly withheld, but it is enough here that it *was withheld*, and whether rightfully or wrongfully, is not now material. In either event, the defendant was guilty if he engaged in the prohibited traffic. The judgment is reversed, and the cause remanded.