## STATE OF MINNESOTA vs. A. B. CRON.

### October 11, 1876.

Intoxicating Liquors—Liability of Unlicensed Vendor, where the County Commissioners Refuse to Grant any Licenses.—The liability of a person who sells intoxicating liquors, to punishment, under Gen. St. c. 16, § 4, is in no way affected by the fact that the town in which such sale is made has voted "in favor of license," under Laws 1870, c. 32, nor by the fact that the board of county commissioners of the county in which the sale is made refuses to grant license to any person whomsoever to sell such liquors in towns which have not voted against license.

Defendant was convicted, in a justice's court, of the offence of selling liquor in a quantity less than five gallons, without having first obtained a license therefor. The offence was committed in the town of Pine Island, in Goodhue county. At the trial before the justice it was stipulated as a fact that the town had duly voted in favor of license for the sale of liquors, and also that the board of county commissioners of the county had passed a resolution not to grant any licenses, and had refused to grant any, or to receive the tenders necessary to be made by applicants for licenses. From the judgment of the justice the defendant appealed, on questions of law alone, to the district court for Goodhue county, *Crosby*, J., presiding, where the judgment of the justice was affirmed, and the defendant appealed to this court.

*J. W. Steel*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

BERRY, J. Gen. St. c. 16, § 1, authorizes boards of county commissioners to grant licenses for the sale of spirituous, vinous or fermented, and malt liquors, within their proper counties, upon compliance with the provisions of section 2, which points out the steps to be taken by an applicant for license. Section 4 provides that whoever sells any such liquors in a less quantity than five gallons, without first having obtained license therefor agreeably to the provisions of this

chapter, shall, upon conviction, be fined, etc.   The statute contains no exception to the sweeping enactment that *whoever* sells without the required license subjects himself to the prescribed punishment.

If, as is claimed to have been the fact in this instance, a town votes " in favor of licenses," under Laws 1870, *c.* 32, such vote in no way affects the liability imposed by Gen. St. *c.* 16, § 4, upon a person who sells liquors of the kinds specified, in such town, without first having obtained license.   Neither Laws 1870, *c.* 32, nor any other statute to which our attention has been called, attempts to do this.

If the board of county commissioners of any county refuses to grant a license to any person whomsoever to sell intoxicating liquors in towns which have not voted " against license," under Laws 1870, *c.* 32, this in no way dispenses with the necessity of procuring a license in order to render sales of such liquors legal.   As the statute (Gen. St. *c.* 16, § 4) provides no exception in such case, there is no exception.   *State* v. *Downer*, 21 Wis. 274 ; *Mayor of New York* v. *Mason*, 4 E. D. Smith, 142 ; *Com.* v. *Blackington*, 24 Pick. 352 ; *State* v. *Jamison*, 23 Mo. 330.

Judgment affirmed.