STATE OF MISSOURI, Respondent, *vs.* PETERS MYERS, Appellant.

1. *Indictment—Broker's license—Failure to obtain, application for, etc.*—One dealing in bills of exchange etc., without obtaining the license required by the statute, (Wagn. Stat. p. 247, § 1) cannot shield himself from its penalties by showing that he made application for license and tendered the tax, as provided by law. See State vs. Jamison. (23 Mo. 330.)

*Appeal from Barton Circuit Court.*

*W. H. Phelps,* for Appellant.

*Jno. A. Hockaday, Att'y Gen'l,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

The defendant was indicted for dealing in bills of exchange &c., &c. without having obtained a license so to do. He was convicted of the charge, and now relies for reversal on the point that the court improperly excluded evidence offered by him, to show that he had made due application to the collector in the manner required by law and had tendered him the requisite sum of money, but the officer refused to issue a license as it was his duty to do. There was no error in rejecting such evidence.

The law (Wagn. Stat. § 1, p. 247) applies to all who carry on the business of dealing in, or buying, or selling, or shaving any kind of bills of exchange, checks, drafts &c., &c. * * * "without a license for that purpose continuing in force," and punishment must follow an infraction of the law, regardless of the reason which prevented a license from being obtained or the motive actuating the officer who, in dereliction of his duty, refused to grant it. The same view as here announced was taken by this court in relation to a dram-shop license, which the county court refused to grant. State vs. Jamison (23 Mo. 330).

The judgment of the court below is therefore affirmed. All the other judges concur.