STATE OF MINNESOTA *vs.* MARK KOBE (1st Case.)

August 8, 1879.

Intoxicating Liquors.—The offence created by Gen. St. *c.* 16, § 4, (selling liquors without license,) is indictable.

Same—Indictment.—An indictment charging that the defendant, on the —— day of ————, and divers other days and times since said day, did sell to one W. G. spirituous liquor, etc., in a less quantity than five gallons, to wit, one gill thereof, and no more, without license, etc., does not attempt to charge more than one offence. Only one act of selling is alleged, and only one can be proved under it.

Defendant, having been indicted in the district court for Benton county, for selling spirituous and intoxicating liquor without a license, interposed a demurrer to the indictment, which was overruled by *McKelvy*, J., and he was tried, convicted and sentenced, and appeals from the judgment.

*L. W. Collins* and *Taylor & Storey*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

GILFILLAN, C. J. This case is upon an indictment for selling spirituous liquors without license. The offence is created by Gen. St. *c.* 16, § 4. Two objections are made to the indictment: *First*, the offence charged is not indictable; *second*, the indictment is bad, because it charges more than one offence. The first objection is based on the proposition that the statute vests "original jurisdiction" of such offences in the justices of the peace, and section 9 of the chapter does give to justices of the peace "original jurisdiction" of such

offences. But this is not necessarily exclusive jurisdiction, nor is there anything in the chapter showing an intention to exclude the jurisdiction of district courts to punish the offence by indictment. On the contrary, section 4 contemplates jurisdiction in other courts than that of a justice, for it declares that whoever sells, etc., "shall, upon conviction thereof in any court having jurisdiction of the same, be fined," etc. Gen. St. *c.* 107, § 27, provides that "the grand jury have power, and it is their duty, to inquire into all public offences committed or triable in the county, and to present them to the court, either by presentment or indictment." All public offences are thereforeindictable, unless perhaps where the legislature, as in cases of assault, battery or affray, (Gen. St. *c.* 65, § 157,) provides otherwise. Offences under chapter 16 are indictable.

The indictment charges that the defendant, on the first day of June, 1878, and divers other days and times since said day, and the day of the finding of the indictment, did sell to one W. S. spirituous and intoxicating liquor, "in a less quantity than five gallons, to wit, one gill thereof, and no more, without," etc. It is claimed that this attempts to charge two or more offences; but only one act of selling is attempted to be described, and only one act of selling could be proved under the indictment. The allegation that the act was done on divers other days than the one specified, was unskilfully pleaded, because unnecessary; but it does not vitiate the indictment. Only one offence is charged in the indictment.

Judgment affirmed.