REESE *vs.* THE CITY OF ATLANTA.

Where a city ordinance required a license to retail spirituous liquors, in a prosecution for retailing without license, it was no protection to show that defendant's license expired January 1st, 1879, that he could not renew it by reason of the sickness of the city clerk, that when the clerk recovered in February, he took out a license extending from January to April, 1879, and the money paid therefor had been paid into the city treasury. If dealers continue to sell while they are unable to procure a license, they become liable to prosecution.

Criminal law. License. Before Judge HILLYER. Fulton County. At Chambers. March 4th, 1879.

Reported in the decision.

GARTRELL & WRIGHT, for plaintiff in error.

W. T. NEWMAN, for defendant.

WARNER, Chief Justice.

It appears from the record in this case, that John T. Reese was brought before the recorder of the city of Atlanta, and charged with having violated an ordinance of said city by retailing spirituous liquors without a license. On the hearing before the recorder, it appeared in evidence, that Reese had been engaged in retailing liquors in said city, and that his license to do so expired on the 1st day of January, 1879, that he went to the clerk's office two or three times to renew his license, but the clerk was sick, he continued to sell, and after the clerk got well and returned to his office, on the 27th of February, he paid the clerk $75.00, who issued to him a license to retail spirituous liquors from the 1st of January, 1879, until the 1st of April, 1879, and paid the $75.00 into the city treasury. The recorder imposed a fine of $75.00 and cost upon the defendant for retailing spirituous liquors in the city without a license. Whereupon the defendant made out a *certiorari* and pre-

sented the same to the judge of the superior court for his sanction, which he refused, and the defendant excepted.

We find no error in the refusal of the judge to sanction the *certiorari* on the statement of facts disclosed in the record. If retailers of spirituous liquors desire to be protected, they had better procure their licenses before they commence retailing ; or if their licenses expire, then stop retailing until they are renewed, that is the safe course for them to pursue, otherwise they take the risk.

Let the judgment of the court below be affirmed.