STATE OF MINNESOTA *vs.* GOTTLIEB BACH.

December 18, 1886.

Intoxicating Liquors—Jurisdiction of District Courts.—Both the constitution and the statute authorize the district court to try indictments for selling liquor without license; following *State* v. *Kobe*, 26 Minn. 148, and *Agin* v. *Heyward*, 6 Minn. 53, (110.)

Same—Indictment—Sale of "One Pint."—An allegation in an indictment that the defendant sold one pint, means that he sold that quantity, and no more.

Same—Tender of Bond and License Fee.— That a party executed the bond, and tendered the fee required for a license, does not give him the right to sell liquors, unless he got a license.

Same—Burden of Proof of License.—When, under such an indictment, a sale is proved, the *onus* of proving license is on the defendant.

Defendant was tried and convicted in the district court for Goodhue county, before *McCluer*, J., and a jury, on an indictment charging him with "the crime of selling malt liquor in a less quantity than five gallons, without first having obtained license therefor," and stating that defendant at a time and place named, "did unlawfully sell to one Charles Olson Uggla one pint of malt liquor, commonly called lager beer, of the value of five cents, he, the said Gottlieb Bach, not having a license to sell said liquor, contrary to the form of the statute," etc. He appeals from an order refusing a new trial.

*J. C. McClure*, for appellant.

*Wm. J. Hahn,* Attorney General, and *J. M. Martin,* for the State.

GILFILLAN, C. J. Indictment for selling malt liquor without license. Most of the assignments of error are covered by decisions of this court. That the district court has jurisdiction to indict and try for the offence was decided by *State* v. *Kobe,* 26 Minn. 148, (1 N. W. Rep. 1054.) In that case we construed the statute, and held that it intended to leave such jurisdiction in the district court. Our attention is now called to the provisions of section 5, article 6, and section 8, article 6, of the constitution, which it is claimed have some bearing on the construction of the statute. It was decided by this court at an early day, and the decision has always been followed, that the district court is capable of receiving and exercising, and was intended by the constitution to receive and exercise, in the first instance, all the judicial power not vested by that instrument in other courts, and that it vests no jurisdiction absolutely in a justice of the peace, but leaves it to the wisdom of the legislature, within certain specified limits. *Agin* v. *Heyward,* 6 Minn. 53, (110.) The constitution, therefore, not only strengthens the construction we gave the statute in the *Kobe Case,* but gives the district court jurisdiction in such cases, whether intended by the statute or not.

The allegation in the indictment that defendant sold one pint, means that he sold that particular quantity, and no more. *State* v. *Lavake,* 26 Minn. 526, (6 N. W. Rep. 339;) *State* v. *Langdon,* 29 Minn. 393, (13 N. W. Rep. 187.)

That Christ, defendant's employer, executed a bond, and offered to pay the fee required on an application for a license, did not, so long as he received no license, give him a right to sell. *State* v. *Cron,* 23 Minn. 140. When the sale by defendant had been proved as alleged in the indictment, it was for him to prove that he or his employer had license to sell. *State* v. *Schmail,* 25 Minn. 370. If there was no license, it was of no consequence that he believed his employer had license. It was for him to know it before he ventured to sell.

There is no other point in the case deserving particular mention. Order affirmed.