CASE 59—ACTION BY T. L. FLOYD, &C. AGAINST G. B. SHINDLER, AS COUNTY JUDGE AND OTHERS FOR A MANDAMUS TO COMPEL THEM TO ACT AS AN ELECTION CONTESTING BOARD.—JUNE 10.

# Shindler, County Judge, &c. v. Floyd, &c.

APPEAL FROM SPENCER CIRCUIT COURT—WILLIAM CARROLL, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

LOCAL OPTION ELECTION—CONTEST—JURISDICTION—STATUTES—IMPLIED REPEAL.

Ky. St. 1899, sec.1534, passed in 1892, provides that the judge of the county court and two justices of the peace residing nearest the court house shall be a board for determining contested elections of any officer elected by the voters of the county, etc.; and Ky. St., 1903, sec. 2566, passed in 1894, provides that contest of a local option election shall be heard by the same board. The election law of 1898, sec. 13, (Laws 1898, p. 55, c. 13), made

Shindler, County Judge, &c. v. Floyd, &c.

the county board of election commissioners a board of contest, in lieu of the county judge and two justices of the peace, and auauthorized this board to determine the contested election of certain officers. The election law of 1900, sec. 12 (Laws 1900, Ex. Sess. p. 39, c. 5), repealed the provisions of the law of 1898 making a county board of election commissioners a board of contest, and conferred jurisdiction upon the courts to try contested elections of certain officers. HELD, that the provision of Ky. St. 1903, sec. 2566, that a contest of a local option election should be heard by the board composed of the county judge and two justices of the peace, as provided by Ky. St., 1899, sec. 1534, was not repealed. ·

WILLIS & TODD, ATTORNEYS FOR APPELLANT.  JOHN SPEED, L. W. ROSS, OF COUNSEL.

1. We contend that the county judge and two magistrates residing nearest the court house had no jurisdiction to hear or determine this contest, said jurisdiction being alone in the Spencer circuit court.

2. That if the county judge and magistrates had jurisdiction, the right to contest was lost by the failure to serve the notice on the county judge within the time fixed by the statute.

3. Ky. Statutes, sec. 2566, provides that "such contestant shall within ten days after the final action of the examining board, file in the office of the clerk of the county court a written statement of the grounds of the contests and shall cause a copy thereof to be served on the county judge." This copy was not served on the county judge within the ten days although he was in his office in the county seat all that time.

### AUTHORITIES CITED.

Ky. Statutes, sec. 1596, 1596a; subsec. 12; Ky. Statutes, sec. 2566, sub-secs. 1, 2 and 3; Stewart v. Rose, 24 R., 347; Lykin v. Steele, 25 R., 536; Krim v. Helmbold, 24 R., 551; Batman v. Megowan, 1 Met., 533; Puckett v. Snyder, 22 R., 1718.

JOHN S. KELLY, ATTORNEY FOR APPELLEE.

### QUESTIONS AND AUTHORITIES.

1. Contest of the election of county officers provided for in election law of 1892, which was amended in 1894. Chap. 65, art. 8, sec. 4, Acts 1891-2-3, p. 151; Ky. Stats., sec. 1534.

2. There is but one section in the election law of 1892, relating

to local option elections, and that has no reference to contest of elections on that question. Ky. S'tats. sec. 1596.

3. An act providing for an election on the sale of liquors was approved August 16, 1892, and by sec. 13 of that act provided the method for contesting such election, and the tribunal to hear and determine that contest viz.; "The same board which by law is authorized and empowered to hear and determine a contest of an election for county officers." See Acts, 1891 and 1892, p. 214; Ky. Stats. 1894, Ed. Chap. 81, see sec. 2566.

4. A new election law was passed by both branches of the Legislature March 11, 1898, which repealed the election law of 1892, and created a county board of contest, to hear and determine a contested election for county officers. Sec. 13, Election Law of 1898.

5. Election law of 1898, was repealed by the Legislature in extraordinary session October 24, 1900, and by the twelfth section of the election law, then enacted a contested election for officers, is to be decided in the courts. Neither of said repeals could or did affect, change or modify the local option laws of 1892. Sutherland on Statutory Construction, sec. 257; Anderson, &c. v. City of Mayfield, 93 Ky., 230.

6. If the local option law regarding the contest of elections concerning the sale of liquor was repealed, it was either done expressly or by implication. It was not directly repealed, and repeals by implication are not favored. George v. Lillard, 21 R., 483.

7. To make a later provision (election laws of 1898 or 1900 for example) repeal a former, there must be an express declaration or inconsistency between the two acts (election law and local option law.) Peyton v. Nasby, 3 Mon., 80; Adams v. Ashby, 2 Bibb, 97; Brown v. Marshall, 4 J. J. Mar., 474.

8. If the election laws of 1898 and 1900 repealed any part of the local option law, they made no provision for the contest of a local option election, and the act, even if repealed stands as to that matter. Payne v. Connor, 3 Bibb., 80.

9. The section of the statute governing the proceedings of the board. Ky. Stat., secs. 1530, 1533, 1534 sub.-sec. 1, 1535 sub.-sec. 6. Manner of commencing contest. Ky. Stat., sec. 2566, sub.-sec. 2.

10. Purpose of having notice of contest served on county judge is to prevent recording of certificate of canvassing board. Ky. Stat., sec. 2556.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

A local option election was held in Taylorsville, and the result was duly certified. More than ten citizens and legal

voters of the town proposed to contest the election, and filed a written statement of the grounds of contest. They proposed to contest it before G. B. Shindler, county judge of Spencer county, and J. W. Snyder and B. L. Lutz, justices of the peace living nearest to the courthouse. These officers appeared, and, after considering the question, decided that they did not, under the law, constitute a board of contest to try the contested election, and refused to act. Thereupon the contestants instituted this proceeding, and seek to compel them to do so by mandamus. To determine this question involves the necessity of examining, to some extent, the statutes with reference to contested elections, etc.

Section 1534, Ky. St., (1899 Edition), which is part of the act of 1892, as amended on February 24, 1894, reads as follows: "The judge of the county court and two justices of the peace residing nearest the court house in each county, shall be a board, with like powers as those named in the last section, for determining the contested election of any officer elective by the voters of the county, or any district therein, except members of the General Assembly, and also of any police judge, clerk, marshal, or other elective municipal officers, where there is no other provision of law for determining the contested election of such municipal officers. . . ." It will be observed that this statute constitutes the judge of the county court and two justices of the peace residing nearest to the courthouse a board of contest to determine the contested election of any officer elective by the voters of the county, and also of any police judge, clerk, marshal, or other elective municipal officer where there is no other provision of law for determining a contested election of such municipal officers. It is certain from the language of this section that this board was only au-

thorized to determine the contested election of officers. No
jurisdiction is conferred upon that board to determine a con-
test of an election held for the purpose of determining wheth-
er the local option law should become operative, or whether
the prohibition law should become inoperative. Thus the
matter stood until 1894, when the Legislature enacted a
law which provided that a local option election should be
contested, and that provision is part of the local option act,
and is section 2566, Ky. St., 1903. It reads as fol.
lows: "The contest shall be heard and determined by the
same board which, by law, is authorized and empowered to
hear and determine a contest of an election for county of-
ficers. . . ." By section 13, p. 55, c. 13, of the election law
of 1898, the county board of election commissioners is made a
board of contest in lieu of the county judge and two justices
of the peace, and this board was only authorized to deter-
mine the contested election of certain officers. There is
nothing in the act showing an intention of the Legislature
to confer jurisdiction on this board to try a contested elec-
tion growing out of an election under the local option law.

The election law of 1900, Ex. Sess., p. 39, c. 5, section
12, repealed the provision of the law making the county
board of election commissioners a board of contest, and
conferred jurisdiction upon the courts to try contested elec-
tions of certain officers. It will be observed that the Legis-
lature enacted separate and distinct statutes, relating to con-
tested elections of officers, from the statute providing for
a contest of an election under the local option law.

The question here for determination is did the provision
of the statute conferring jurisdiction upon the county judge
and two justices of the peace to try contests of local option
elections remain in force? When section 2566 was enacted,
the General Assembly, in effect, wrote into it that the

contests shall be heard and determined by a board consisting of the judge of the county court and two justices of the peace, residing nearest the courthouse. The act of 1898, as we have said, only conferred jurisdiction upon the board of county election commissioners to try contested elections of officers. The act of 1900 only provided that such contests should be tried in the courts. As the General Assembly in effect wrote in the section of the local option law that a contested election under it should be determined by the county judge and two justices of the peace, it is evident that the acts of 1898 and 1900 did not repeal it, because no reference is made to the act, and therefore it was not in terms repealed, and, as the act did not relate to the subject of contested elections under the local option law, it can not be held that it did so by implication. If the words had been actually written in the statute which we have said, in effect, were written therein, no one would contend that the acts of 1898 or 1900 repealed it. The office of county judge still exists, and likewise the office of justice of the peace; hence the incumbents of these offices may compose the board to determine contested elections held under the local option law, although the jurisdiction has been taken away from them to try contested elections of officers. We have reached the conclusion that the county judge and two justices of the peace compose the board to try the contested election in question.

The judgment is affirmed.