CASE 59—PROSECUTION AGAINST JOSEPH KOCH FOR RETAILING LIQUOR WITHOUT A LICENSE.—JAN. 18.

## Koch v. Commonwealth.

APPEAL FROM KENTON CIRCUIT COURT—R. C. SIMMONS, SPECIAL JUDGE.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

INTOXICATING LIQUORS—LICENSE—SALE—LICENSE IN TOWN—REFUSAL TO ISSUE STATE LICENSE.

By Kentucky Statutes, section 3704, the granting of licenses to sell liquor in towns of the sixth class is under the exclusive control of the town; and by section 4203 the right to grant a liquor license, except as otherwise provided, is in the county court. Defendant, to whom a town license had been issued by a town of the sixth class, was subsequently refused a county license; and thereafter he applied to the county clerk for the State license, which was refused because of the order of the county court. HELD, that the refusal of such license by the clerk did not render

Koch v. Commonwealth.

defendant liable for subsequent sales in the town; the issuance of the State license by the clerk after the issuance of the town license being a mere ministerial act, and the county court having no jurisdiction save as to licenses to county districts outside of a town.

J. M. DIAL, ATTORNEY FOR APPELLANT.

Our contention is:

1. That a county court has no right to refuse to grant a license to a retail dealer in spirituous, vinous and malt liquors who has a license from the trustees of the town in which he resides and is doing business as such dealer.

2. The county court clerk has no right to refuse a license to a retail dealer who has a license from the town trustees and who tenders to such clerk the amount of one year's license tax prescribed by the statute and the fees for issuing same.

3. Where one has a license from the town trustees as a retail dealer in such liquors, and tenders to the county court clerk the license tax due thereon to the State for one year and the fees for issuing same, such tender is a good defense to any prosecution against such dealer for retailing such liquors for one year thereafter. Adams v. Stevens, 88 Ky., 443; Schwearman v. Commonwealth, 99 Ky., 299; Underhill v. Murphy, 25 Ky. Law Rep., 1731.

N. B. HAYS, ATTORNEY GENERAL, FOR APPELLEE.

1. The statute is absolute in its terms; it provides no exception and none exists; it requires a license not only as evidence of the payment of the tax, but as the condition on which the business may be exercised. It is only the issued license that protects the sale. Commonwealth v. Blackington, 24 Peck, 356; Reese v. Atlanta, 63 Ga., 344; State v. Bach, 36 Minn., 234; Phoenix Carpet Co. v. State, 118 Ala., 143; State v. Meyers, 63 Mo., 324; Kadgihn v. Bloomington, 58 Ill., 229; Roberts v. Florida, 26 Fla., 360; City v. Flanders, 71 Mo., 2831; State v. Jamison, 23 Mo., 330; State v. Downer, 21 Wis., 281; State v. Crow, 23 Minn., 140.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—REVERSING.

Appellant was indicted by the grand jury of Kenton county in two cases for the offense of retailing liquors without license. The law and facts were submitted to the court,

Koch v. Commonwealth.

who found the defendant guilty, and fixed his punishment at a fine of $75 in each case.

It was conceded on the trial that the defendant had sold spirituous, vinous and malt liquors by retail at the time charged in the indictment, but he offered to prove that at the time he sold the liquor he had a license from the town of Central Covington, where his saloon was situated; that his State license expired on May 9, 1903; that on that day he had a license from the town of Central Covington, which expired on June 1, 1903, at which time his town license was renewed by the municipal authorities for one year; that while his own town license was in full force he applied to the county judge of Kenton county for a county license; and that, a protest being made by the citizens of the neighborhood, the license was refused by the county court. After this he applied to the county clerk for a license—tendering to the county clerk the amount of the license, together with the cost of issuing it—but the county clerk refused to issue the license because of the order of the county court above referred to. He thereupon instituted a mandamus proceeding against the clerk in the Kenton circuit court, praying that the county clerk be compelled to issue him a license. This case being heard, the judge announced from the bench that he would make no order in it, and thereupon the plaintiff dismissed that suit without prejudice. He continued to run his saloon, and thereafter made the sales for which he was indicted. The special judge who tried the cases held that the clerk erred in not taking the money and issuing the license to the defendant, but that the mistake of the clerk did not operate as a license, or excuse his violation of law in selling without license; relying upon the following cases: Commonwealth v. Blackington, 24 Pick., 356; Reese v. Atlanta, 63 Ga., 344; State

v. Bach, 36 Minn., 234, 30 N. W., 764; Phoenix Carpet
Company v. State, 118 Ala., 143, 22 South., 627, 72 Am.
St. Rep., 143; State v. Myers, 63 Mo., 324; Roberts v. Flor-
ida, 26 Fla., 360, 7 South., 861; State v. Downer, 21 Wis.,
281.   In these cases it was held that so long as no license
is issued, although it may be the fault or mistake of the
official, the defendant is liable for the sales without license.
But none of these cases seem to us in point in the case
before us.   Here the defendant had a license from the mu-
nicipal authorities of the town.   Section 3704, Kentucky
Statutes, which is a part of the act governing towns of the
sixth class, to which Central Covington belongs, provides
that the granting of license to sell spirituous, vinous, or
malt liquors "shall be under the exclusive control of the
board of trustees."   In Schwearman v. Commonwealth, 99
Ky., 296, 18 R., 585, 38 S. W., 146, it was held that, when
exclusive authority to grant these licenses is vested in the
municipal government, the issue of such a license is not
at all dependent upon an order of the county court, but
that it is the duty of the clerk to collect the State tax from
the person licensed, and that the jurisdiction of the county
court to grant licenses is confined to county districts out-
side of an incorporated city or town in which exclusive
authority is vested in the municipality over the subject of
license.   See   Kentucky   Statutes,   section   4203.   In
that case it was held that the county clerk was liable on
his bond for the license taxes collected by him within the
city, although no order of the county court had been made
granting the licenses.   The case rests on the ground that,
when the applicant has received his license from the munici-
pal authorities, it is the duty of the clerk to receive from
him the State tax, and issue to him the State license.   This
is a mere ministerial act on the part of the clerk.   In the

cases relied on for appellee, the defendant had no license, but in this case the defendant has a license from the officers who are given by law exclusive jurisdiction in the premises. When he got this license, and tendered to the clerk the State tax, he had done all that the law required him to do. It was then the duty of the clerk to accept the money. When he refused to accept it, he became liable to the State therefor. The case differs from those cited, in that here the defendant had a license from the only authority which had jurisdiction to grant it. It is not like a case where the defendant has been granted no license. The order of the county court refusing appellant license was. void, as the county court had no jurisdiction as to licenses within the town of Central Covington, and was therefore no authority to the clerk for refusing to receive the money which appellant tendered him.

Judgment reversed and cause remanded for further proceedings consistent herewith.