CASE 86.—ACTION BY W. H. BOWMER AND OTHERS AGAINST O. DE HAVEN AND OTHERS TO TEST THE VALIDITY OF A LOCAL OPTION ELECTION. May 22.

# De Haven v. Bowmer

Appeal from Breckenridge Circuit Court.

WEED S. CHELF, Circuit Judge.

Judgment for plaintiffs, defendants appeal—Affirmed.

1. Elections—Contests—Jurisdiction.—The acts of 1898 and 1900, investing the election commission with the power to determine contested elections, did not abolish the right of a contest board consisting of the county judge and the two justices residing nearest to the court house to hear and determine contests in local option election cases.

2. Same—Review—Final Determination.—When an appeal is taken from an election contest board to the circuit court on their refusal to take jurisdiction, it is not necessary to remand, for the matter may be finally determined in the circuit court.

2. Same—Refusal of Contest Board to Act—Remedy.—Under Ky. Stats., 1903, sec. 2567, when the contest board, consisting of the county judge and two justices living nearest the court house, declines to assume jurisdiction in a local option election case, an appeal may be taken to the circuit court from its decison declining to act, notwithstanding the existence of a remedy by mandamus.

4. Same—Necessity of Registration.—Under Laws 1904, p. 31,

De Haven v. Bowmer.

c. 6, providing for certificates of registration, and that no person who is required to register shall have the right to vote until he presents his certificate of registration, where a special local election is held in territory embracing a part of a city, the voters must present their certificates of registration.

5. Same—Statutory Provisions—Special Registration.—Under Ky. Stats., 1906, sec. 1495, providing that, where an election is ordered to be held in cities of certain classes at any time other than the regular November election, the officer ordering the election shall fix a day for registration of persons entitled to vote thereat whose names had not been registered that year, where a special local option election is ordered in territory embracing part of a city, a special registration must be ordered.

6. Same—Violation of Election Laws—Statutory Provisions.—Where the law provides that there shall be a special registration for a special election, and that voters shall present certificates of registration, a special local option election for a part of a city for which there was no special registration, and at which voters were allowed to vote without presenting registration certificates, is invalid.

MURRAY & MURRAY, attorneys for appellants.

### RECAPITULATION.

We contend:

1. That the old contest board has been abolished by legislative enactment and has no existence.

2. That the old board has been declared to be unconstitutional by this court.

3. The circuit court erred in not sustaining the appellants' special demurrer to the jurisdiction of said board; erred in not sustaining appellants' motion to dismiss the appeal to that court; erred in not holding that said board was an unconstitutional board; erred in not remanding said contest to the alleged contest board for its decison on the merits of the contest, and commanding it to take jurisdiction, and this, even though it should be held that said board had not been abolished, and that it was a constitutional board; erred in holding that a special registration in part of a town or city was necessary; erred in taking original jurisdiction of the contest on an appeal to it and in

deciding that the local option election held in precinct No. 1, as aforesaid, was void, and of no effect.

The court will notice that the appellants objected and excepted, both in the judgment and in their bill of exceptions, to all the acts herein complained of, at the time and in the manner required by law.

## AUTHORITIES CITED.

Shindler v. Floyd, 118 Ky., p. 468; Wilson v. Tye, 29 Ky. Law Rep., p. 71; Ky. Stats., sec. 1596a; Ky. Stats of 1894, sec. 1534; Ky. Stats., sec. 4650; Pratt v. Breckinridge, 112 Ky., pp. 1 to 69; Stuart v. Rose, 24 Ky. Law Rep., vol. 1, p. 347; Davison v. Johnson, 24 Ky. Law Rep., vol. 1, p. 27; Ky. Stats., sec. 2566; Constitution of Ky., secs. 109, 135; Erwin v. Benton, 87 S. W., 291; Ky. Stats. sec. 2567; Ky. Stats., sec. 2566, subsec. 6; Sweeney v. Coulter, 22 Ky. Law Rep., 885; Ky. Stats., sec. 4434; George &c., v. City of Winchester, 80 S. W., 1158; Ky. Stats., secs. 2561, 2563; Cole v. Commonwealth, 39 S. W., 1029; Smith v. Patton, 45 S. W., 459; Commonwealth v. Overby, 53 S. W., 36; Commonwealth v. Bottoms, 57 S. W., 493; Mullins v. McKeel, 109 Ky., 539; Acts of 1898 Repealing Contest Boards.

J. S. WORTHAM, attorney for appellees.

## MANDAMUS NOT PROPER REMEDY.

Appellants contend that even if the court should hold that the county judge and said two justices constitute the legal board of contest, yet appellees should have sued out the writ of mandamus to compel said board to try the case instead of appealing the case to the circuit court from its order dismissing the proceedings. This contention is not well taken. It is a well settled principle that the writ of mandamus can never be invoked to control discretion. The board actually tried our case; if the board had refused to assemble at the proper place to hear the contest, a writ of mandamus would have been the proper remedy to compel them to act, but they voluntarily appeared and heard the case and decided the case. It is true that the board did not decide the case on its merits, but it decided that it had no jurisdiction of the case. Having done this, our only remedy was by an appeal to the circuit court.

De Haven v. Bowmer.

### AUTHORITIES CITED.

Shindler, &c., v. Floyd at al., 81 S. W. 668; Erwin v. Benton, 84 S. W., 533; Pratt v. Breckinridge, 65 S. W., 136 and 66 S. W., 405; Thompson v. Koch, 33 S. W., 96; Shine, Presiding Judge, &c., v. Ky. Central Ry. Co., 3 S. W. 18; Ohio County Court v. Newton, 79 Ky., 267; Earley v. Raines, 28 Ky. Law Rep., 415; Cole v. Commonwealth, 30 Ky. Law Rep., 385.

JOHN P. HASWELL, JR., attorney for appellees.

### CONCLUSION.

It is well settled that mandamus will not control discretion even in an executive or ministerial officer, as to a matter where he has discretionary power. (See Ohio County Court v. Newton, 79 Ky., 267.) Even if appellees had applied for a writ of mandamus, the same issue exactly as is now presented, would be before the court, viz: Is the contest board as composed in this proceeding a constitutional one? We certainly had the right to appeal, if the board is constitutional, and we may employ this remedy if we so desire, even if we could have applied for a writ of mandamus. If the board is unconstitutional, we had neither the right to an appeal nor to a writ of mandamus.

### AUTHORITY CITED.

Shindler, County Judge v. Floyd, &c., 26 Ky. Law Rep., 332; Erwin, &c. v. Benton, 27 Ky. Law Rep., 909; Early v. Rains, 23 Ky. Law Rep., 415; Cole v. Commonwealth, 30 Ky. Law Rep., 385.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This appeal involves the validity of a local option election held in precinct No. 1 of magisterial district No. 2 in Breckenridge county, which precinct embraces a part of the city of Cloverport. On the face of the returns a majority of the votes were cast in. favor of the sale of spirituous, vinous, and malt

liquor. The election was contested by the temperance people before a board composed of the county judge and the two justices of the peace residing nearest the courthouse. Upon hearing the contest, a majority of the board, the county judge dissenting, adjudged that they had no jurisdiction, and dismissed the proceeding. From this ruling an appeal was prosecuted to the Breckenridge circuit court, which held that the board did have jurisdiction of the contest, and proceeded to adjudge that the election held was illegal and void, and the same was set aside.

Two questions are presented for consideration; the first being whether or not the county judge and the justices constitute a tribunal for the purpose of determining contested elections in local option cases. The second involves the validity of the election. It is contended for appellants that the circuit court alone has original jurisdiction of contested elections in cases of this character, and that the county judge and the two justices of the peace as a contest board was abolished by the acts of 1898 and 1900, investing in the election commissioners .the power to determine contested elections; but that conceding, for the sake of the argument, that the county judge and two justices. constitute a legal contest board, upon appeal from its judgment declaring that it had no jurisdiction the circuit court, in place of passing upon the validity of the election, should have remanded it to the contest board, or the board should have been compelled by mandamus to take jurisdiction and dispose of the contest. The identical question of the right and power of the county judge and the two justices of the. peace residing nearest the courthouse composing a contest board to hear and determine contests in local option cases was expressly decided by this

court in Shindlar v. Floyd, 118 Ky. 468, 81 S. W. 668, 26 Ky. Law Rep. 332, when the statute was the same as it now is. This case was followed in Erwin v. Benton, 120 Ky. 536, 87 S. W. 291, 27 Ky. Law Rep. 909. In view of the positive declaration of this court in the Shindlar Case, approved in the later one of Erwin v. Benton, the question made by counsel is no longer an open one; nor would it serve any useful purpose to review the authorities cited by them in support of their position that this contest board has no jurisdiction in local option cases. In Shindlar v. Floyd the contest board, as in this case, declined to take jurisdiction, and thereupon the contestants instituted mandamus proceedings to compel them to dispose of the contest. And it is insisted by appellants that this remedy should have been resorted to by the contestants in this case, instead of prosecuting an appeal to the circuit court from the order of the contest board declining to consider the contest. We cannot agree with counsel that mandamus is the only remedy that contestants may resort to when the contest board declines to assume jurisdiction. Ky. Stats., 1903, section 2567, expressly provides that "contestants or contestees shall have the right to appeal from the decision of the board to the circuit court of the county where the contest is pending in the same way as appeals are taken from the quarterly court to the circuit court. An appeal may also be taken from the circuit court to the court of appeals." This statute confers in unmistakable terms the right of appeal from the decision of the contest board to the circuit court; and the mere fact that the court in the Shindlar Case held that mandamus might be restored to compel the contest board to act was not intended and did not have

the effect of abrogating the right of appeal granted by the statute. Considering the opinion in this case in connection with the statute, there are two methods by which a relief may be had when the contest board declines to assume jurisdiction—one by mandamus compelling it to act, the other by appealing from its decision declining to act. If the contest board had taken jurisdiction and determined the case either for or against the contestants, the losing party under the statute had the right to appeal to the circuit court, and thence to this court; so that the ultimate decision of the question is with the courts. The proceeding is merely started before the contest board. The trial in the circuit court is not necessarilly disposed of upon evidence heard before the contest board, but may be tried upon testimony taken wholly, or in addition to that presented, before the contest board. The appeal to the circuit court is taken from the decision of the contest board. This decision may either be for or against the contestants, or that the board has no jurisdiction. In either event, the decision is final and from it an appeal lies. If an appeal should be prosecuted from a court of a justice of the peace to the quarterly court, and the quarterly court should hold that it had no jurisdiction and dismiss the appeal, an appeal can be prayed to the circuit court, and, if the quarterly court had jurisdiction, the circuit court may hear and determine the case; and so, if an action is brought in the circuit court, and dismissed for supposed want of jurisdiction, an appeal may be taken to this court. It results from these views that the contest board composed of the county judge and two justices of the peace nearest the courthouse was the proper tribunal to hear and decide the contest, and that, declining to do so upon the idea

that it had no jurisdiction, an appeal from its decision was properly prosecuted to the circuit court.

The remaining question is: Was the circuit court correct in holding that the local option election held in this precinct was void and of no effect. It is conceded that this precinct embraces a part of the city of Cloverport, and that no special registration was held in the city of Cloverport for this election, and that the officers of election permitted persons living in the city to vote without requiring them to present the registration certificate issued to them at the regular registration. The act of 1904 extending the registration law to cities of the fifth and sixth classes provides that "the officers of registration shall issue a certificate of registration to each voter registered at the time he registers showing that he has registered and the date of registry, and no person who is required to register under the provisions of this act shall have the right to vote in elections held in this commonwealth until he shall have presented to the election officers his certificate of registration." Laws 1904, p. 31, c. 6. The original registration law found in the Kentucky Statutes of 1903, section 1486-1506, provides in section 1495 that "when an election or vote is ordered to be held or taken in any county containing any city or town belonging to either of said classes, at any other time than the regular November election, then the county judge, or other officer so ordering said election or vote, shall, at the same time, fix a day for the registration of those persons entitled to vote thereat whose names have not been recorded on the registration books of that year." In Early v. Raines, 121 Ky. 439, 89 S. W. 289, 28 Ky. Law Rep. 415, which was a case involving the validity of a local option election, the court held that the failure

of the county court to provide for a special registration for the election invalidated it, saying: "The argument is that the section applies only when the election is held for the whole county. There is no apparent reason why the section should be so limited. Besides, as we have seen, not to have provided for a special registration where there is a special election works to disqualify or deny the suffrage to legally qualified voters, and violates section 6 of the Bill of Rights. We have no hesitation in view of the foregoing in holding that the purpose of section 1495 was to provide for special registration in every instance where registration was required, and that it applies to every special election held in cities or towns in this commonwealth, whether such city or town or any part thereof is voting alone or in connection with other territory."

It results from the statutes quoted and the ruling of this court in the Early Case that, when an election is held in territory embracing a part of a city, the voters residing within the city cannot vote unless they shall have presented to the election officers their certificates of registration, and that, when a special election is ordered, a special registration must be ordered as provided in section 1495 of the Kentucky Statutes of 1903. The lower court was correct in holding that the failure to provide for a special registration and in allowing voters who resided within the corporate limits of Cloverport to vote without presenting their registration certificates invalidated the election.

The judgment is affirmed.