CASE 31.—LOCAL OPTION ELECTION CONTEST BY MATT
CONLEE AND OTHERS AGAINST J. M. DERICK-
SON AND OTHERS.

## Derickson, &c. v. Conlee, &c.

Appeal from Powell Circuit Court.

J. M. BENTON, Circuit Judge.

From an order awarding a mandamus compelling defendants to hear the contest the defendants appeal. —Affirmed.

1. Intoxicating Liquors—Local Option Election—Contest.—The county judge and two justices of the peace residing near the court-house constitute the proper board to hear and determine a local option election contest.

2. Intoxicating Liquors—Local Option Election—Contest—Notice —Petition—Traverse.—Ky. St. 1909, Sec. 2566, subd. 2 (Russell's St. Sec. 4063, subd. 2), relating to local option election contests, provides that the contestants within ten days after the final action of the examining board shall file in the office of the clerk of the county court a written statement of the grounds of contest and shall cause a copy thereof to be served

on the county judge, &c. Held, that, where a petition alleged
that notice was given as required by statute, an allegation in the
answer that the copy of the grounds of contest filed March
5, 1908, was served on the county judge before March 3d, did
not constitute a traverse of the petition, as it might also be
true that another copy of the grounds of contest was filed
with the county clerk before service on the county judge.

3.  Intoxicating Liquors—Local Option Election—Contest—Notice
    —Service.—Under Ky. St. 1909, Sec. 2566, subd. 2, (Russell's
    St. Sec. 4063, subd. 2), providing that local option election con-
    testants shall, within ten days after final action of the exam-
    ining board file with the clerk of the county court a statement
    of the grounds of contest and cause a copy to be served
    on the county judge, it is immaterial whether the service
    of a copy on the judge is made before or after the copy is
    filed with the county clerk.

C. T. SPENCER for appellants.

HENRY WATSON for appellee.

OPINION OF THE COURT BY JUDGE HOBSON.—Af-
firmed.

On February 26, 1908, an election was held in Pow-
ell county to take the sense of the voters on the ques-
tion as to whether or not spirituous, vinous or malt
liquors should be sold in the county. The election
resulted in a majority against the sale on the face
of the returns, and the election commissioners certi-
fied the result to the county court. Thereupon ap-
pellees filed notice of contest which came on to be
heard before appellants, the county judge, and the
two magistrates residing nearest to the county seat.
The contestees filed the following special demurrer:
"Now, come the contestees above named by attor-
neys, J. D. Atkinson and C. F. Spencer, and demur
specially to the jurisdiction of this court and to the
proceedings herein, for they say that neither the
county court nor the county election commis-
sioners nor the county board of contest have any
jurisdiction to hear and determine this contest." On
the hearing of the demurrer appellants entered the

following order: "The court, having heard the argument of counsel on the special demurrer of the contest to the jurisdiction herein, and being sufficiently advised, considers that this court has no jurisdiction of this contest, and therefore sustains the demurrer to which the contestants except and object and pray an appeal to the circuit court, which is granted." Thereupon the contestants brought this suit in the Powell Circuit Court against appellants, alleging that, desiring to contest the election, they filed within ten days after the final action of the examining board in the office of the clerk of the Powell County Court a written statement of the grounds of contest, and caused a copy of it to be served on the county judge; that they gave notice by printed posters at the court-house door, and three other public places in the county, and also caused it to be published in the Clay City Times, a newspaper published in the county, for two consecutive issues, beginning with the first issue of the paper after it was filed in the office of the county clerk. They set out in the petition the notice of contest, and alleged that the contestees filed their demurrer as above set out. They alleged that thereupon the appellants declined to hear the contest, deciding that they had no jurisdiction to determine it. They prayed that the appellants be required by mandamus to hear and determine the contest. Appellants filed an answer to which the circuit court sustained a demurrer and awarded the mandamus as prayed. From this judgment the appeal before us is prosecuted.

In Shindlar v. Floyd, 118 Ky. 468, 81 S. W. 668, 26 R. 332, it was held by this court that the county judge and two justices of the peace residing nearest the court house are the proper board

to hear and determine the contest of a local option
election.  See, also, De Haven v. Bowmer, 125 Ky.
800, 102 S. W. 306, 31 R. 416.  These cases are
conclusive that appellants are the proper board
to hear the contest.  It is insisted here for the appel-
lants that proper notice of the contest had not been
given, and that for this reason they were right in
holding that they were without jurisdiction.  The
statute regulating the matter is subdivision 2, Sec.
2566, Ky. St. (Russell's St. Sec. 4063, subd. 2) : "Any
number of the citizens and legal voters, but not less
than ten, of the county, city, town, district or pre-
cinct in which the election has been held, shall have
the right to contest any election held under this law,
and shall be designated the contestants.  Such con-
testants shall, within ten days after the final action
of the examining board, file in the office of the clerk
of the county court a written statement of the
grounds of the contest, and shall cause a copy thereof
to be served on the county judge, and shall give no-
tice thereof by written or printed notices to be posted
at the court house door of the county, and in three
or more public places in the county, city, town, dis-
trict or precinct in which the election has been held,
and shall cause the same to be published in some
newspaper of the county, when possible, for two con-
secutive issues, commencing not later than the first
issue of the paper after filing the statement.  When
a notice of the contest shall be executed on the county
judge, the certificate shall not be recorded."

It is alleged in the petition that notice was given
as required by the statute, and these allegations of
the petition are not traversed in the answer.  It is
alleged in the answer that no notice of the grounds
of contest filed in the county clerk's office on March

5, 1908, was served on the county judge after the filing of the contest with the county clerk. It is also shown in the answer that it was agreed on the hearing before appellants that a copy of the grounds of the contest as shown by paper filed of date March 5, 1908, was served on the county judge before March 3, 1908. It is insisted that, as the notice was served on the county judge on March 3d and filed with the county clerk on March 5th or two days afterward, the service on the county judge was not good, as the paper had not then been filed with the county clerk. It may be true that the paper served on the county judge was not filed in the county clerk's office until March 5th; but it may also be true that another copy of the grounds of contest was filed with the county clerk before the service on the county judge. The affirmative matter in the answer does not therefore amount to a traverse of the allegations of the petition. But, aside from this, the statute requires the notice to be filed in the county clerk's office within ten days after the final action of the examining board, and whether a copy is served on the county judge before or after it is filed in the county clerk's office is not material. It must be filed in the county clerk's office within ten days, but, when this is done, it is not necessary to serve it again on the county judge if the paper was served on him before it was filed in the county clerk's office. The purpose of the statute is to give the county judge notice of the proceeding; and this notice can be given by serving a copy of the contest on him as well before as after it is filed with the county clerk. The statute does not require that the notice shall be served on the county judge after it is filed in the county clerk's office, and it should be

liberally construed with the view to promote its object.

Judgment affirmed.

Petition for rehearing by appellant overruled.