CASE 27—ACTION BY G. H. NUNNELLY AND OTHERS
        AGAINST JOHN G. COLE AND OTHERS.—May 6,
        1910.

## Cole, &c. v. Nunnelly, &c.

Appeal from Scott Circuit Court.

R. L. Stout, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—On
motions to dismiss appeal, to quash writ of super-
sedeas and for time to file transcript, motions over-
ruled except motion granted to file transcript.

Intoxicating Liquors—Election Contest—Appeal.—The statute reg-
    ulating contests between public officers does not apply to
    contested elections under the prohibition law, and hence an
    appellant under the prohibition statute need not comply
    with a provision of the other statute requiring the record to
    be filed within 30 days after judgment.

B. M. LEE and JAS. BRADLEY for appellants.

EDELEN & DAVIS, WM. S. KELLY and J. B. FINNELL for
appellees.

Opinion of the Court by Chief Justice Barker.

The statute regulating contests between public
officers does not apply to contested elections under
the prohibition law.   Shindler, County Judge, v.
Floyd, 118 Ky. 468, 81 S. W. 668, 26 Ky. Law Rep.
668; Erwin v. Benton, 84 S. W. 533, 27 Ky. Law Rep.
108.   Therefore the appellants were not required to
file the record in this court within 30 days after the
judgment.   The appellants had a right to supersede
the judgment of the circuit court against them.   Com-

monwealth v. Weisenburgh, 126 Ky. 8, 102 S. W. 846, 31 Ky. Law Rep. 449; Simpson v. Commonwealth, 104 S. W. 269, 31 Ky. Law Rep. 821. We think the appellants show sufficient reason for extending the time for filing the transcript.

For these reasons, the motion to dismiss the appeal and the motion to quash the writ of supersedeas are overruled, and the motion of appellants for time to file transcript is sustained.