## Hatfield, et al. v. Francis, et al.

(Decided October 8, 1915.)

### Appeal from Pike Circuit Court.

1.  Intoxicating Liquors—Contest Arising From Local Option Election.—The Legislature intended, by Subsection 5 of Section 2566, of Ky. Statutes, that contests arising from local option elections should have a speedy determination, and that the parties should complete their pleadings and take all their proof between the filing of the grounds of contest and the fourth Monday thereafter, and an extension of time will not be granted except for good cause shown, and a necessary thing to be shown before an extension of time can be granted, is that the party asking for it has been reasonably diligent in the preparation of his case.

2.  Intoxicating Liquors—Elections—Local Option Election—There is no statute which provides that the officers holding a local option election shall be divided between the adherents of the opposing sentiments, and the fact that all the officers are adherents of one side will not render the election invalid, in the absence of a showing of partiality, corruption or irregularity upon their part in the conduct of the election, which affects the result of the election.

3.  Intoxicating Liquors—Local Option Election—Contest.—When a contest arising from a local option election is appealed from the decision of the board hearing the contest, to the circuit court, the trial in the circuit court is de novo, and the parties may take additional proof and make additional preparations for the trial.

WHITT & SHANNON and R. H. COOPER for appellants.

AUXIER, HARMAN & FRANCIS, J. P. HOBSON, JR., J. S. CLINE and CHILDERS & CHILDERS for appellees.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

This is an appeal from a judgment of the Pike Circuit Court, in a case between contestants and contestees of a local option election, held in Pike County on the 15th day of May, 1915. This election resulted, according to the returns made by the officers of the election, in 4686 votes being cast in favor of prohibiting by law the sale, barter, or loan of spirituous vinous, or malt liquors, in Pike County, and 553 votes against prohibiting the sale, barter, or loan of such liquors. On the 25th day of May, 1915, the appellants, claiming to be citizens and legal voters in Pike County, filed grounds, contesting the election. Thereafter, on the 29th day of May, the appellees, alleg-

ing that they were citizens and legal voters of Pike
County, appeared as contestees, and filed a general de-
murrer to the grounds, as a whole, as stated, for contest-
ing the election, and of each paragraph of the statement
of the grounds. At the same time they entered a motion
to require the contestants to make more specific and
definite their allegations. Neither the demurrer nor mo-
tion seem to have been passed upon. On the same day
they filed an answer, in which they denied specifically each
of the grounds of contest asserted by the appellants, and
in addition thereto, made some allegations by way of a
counter contest. On the 5th day of June the contestants
filed a reply. On the 9th and 10th days of June, the con-
testants took seven depositions, and on the 11th an agree-
ment was made between the parties as to what certain
witnesses would testify in regard to irregularities in one
precinct in the county. Nothing further was done by ap-
pellants in way of preparing their case for trial, but
when the board for the trial of the contest assembled, on
the 21st day of June, to hear and try the case, the ap-
pellants filed the affidavit of one of the contestants, and
of one of the attorneys for the contestants, and asked for
an extension of time in which to take further proof. The
motion was overruled by the board, which then proceeded
to try the case, which resulted in the dismissal of the
grounds of contest set forth by the appellants.

From the decision of the board, the appellants prayed
an appeal to the circuit court, which was granted. There-
after, a special term of the circuit court was called for the
trial of this case on the 3rd day of August, 1915. The ap-
pellants upon the calling of the case in the circuit court
asked for a continuance of the case, or that it be remanded
to the board for the trial of such contest, with directions
to give them further time in which to prepare their case,
and in support of their motion, filed the affidavit of one
of the attorneys. The circuit court overruled the motion
for a continuance or to remand the case, and rendered
a judgment dismissing the contest proceedings of ap-
pellants and adjudging that the election was valid and
from this judgment of the circuit court the appellants
prayed an appeal to this court, which was granted, and
thereafter, on the 18th day of August, executed before
the clerk of the Pike Circuit Court a supersedeas bond.
The appellees caused the transcript of the record to be

filed in the clerk's office of this court, and the cause is here on the appeal.

The appellants ask a reversal of the judgment:

First: Because the contest board erred in refusing to extend to them, further time for the preparation of their case.

Second: Because the circuit court erred in calling a special term to try the case.

Third: Because the appellants had been denied a fair and impartial trial of the case.

Fourth: That an equal division of the election officers between the persons favoring and opposing the sale, barter, or loan of spirituous, vinous, or malt liquors in Pike County, was not had at the election. We will take up the grounds in their order.

Subsection 5, of Section 2566, Ky. Statutes, makes it evident that the purpose of the legislature, in the enactment of that statute, was to provide a means of having a speedy determination of litigation of this kind, since it provides that the case shall be tried on the fourth Monday after the filing of the grounds of contest in the county clerk's office. Manifestly, it was intended, that the parties should complete the pleadings and take their proof within the time designated, and that an extension of time to prepare the case, could only be granted for good cause. Although the appellants had had from the 25th day of May until the 21st day of June, in which to take such proof, as they desired, they had only engaged in so doing for two days, the 9th and 10th of June. Before further time could be allowed, it was necessary for the appellants to show that they had been diligent in the preparation of their case, and should, also, show some substantial grounds for a continuance. Of the allegations in the statement in which the grounds of contest were set forth, was one alleging that the petition upon which the order for the election was made by the judge of the county court, was not subscribed by twenty-five per cent. of the legal voters who cast their votes at the last preceding general election with their names, as petitioners. The grounds of contest did not show how many voters had voted at the last election; nor the names of any of the parties who had subscribed to the petition, who were not legal voters, or whose names had been subscribed without their authority; neither did it show the number of names subscribed to the petition, nor how many it would be

necessary to purge it of to reduce the number who actually subscribed it to below twenty-five per cent. of the legal voters, who had voted at the preceding general election. Another ground of contest was, that the election officers electioneered with voters at the polls in favor of prohibition, and that a considerable number of voters prepared their ballots openly and in the presence of the election officers and others. Another ground of contest was, that the proposition submitted to the voters was so misleading, that the voters were confused and did not vote their sentiments when they marked their ballots in a way to indicate that they were opposed to the sale of liquor. The affidavits for a continuance do not disclose the name of any witness, nor anything which could be proved by any witness. It is apparent that it would have been an easy matter for the contestants to have at least proved that they themselves were legal voters in Pike County, and authorized to make a contest if such was the state of fact. They took no proof upon that subject, and the affidavits upon which they rely for a continuance show no reason for their failure to do so, neither did it show that they were able to make such proof, if given further time in which to do it. The things which, in the affidavits, they claimed could be proved by the election officers, were not definitely stated, and they failed to show why any such proof had not been made or undertaken, since the records disclosed to them, who the election officers were. The grounds of contest do not disclose the name of any person whose name was subscribed to the petition wrongfully, nor the name of any election officer who did any wrong or by whom any wrong could be proven, nor did the affidavits for a continuance disclose the names of any witnesses, or of anything which could be proved by any witness, and it was evident from the affidavits, that the allegations were made without any knowledge upon which to base them, and they were asking the board of contest for time in which to go fishing for evidence. We do not think that the board abused its discretion in denying to the appellants an extension of time to see if they should be able to find evidence to support their contentions. After the appeal was taken to the circuit court, appellants were still at liberty to take proof to support their grounds of contest. DeHaven v. Bowmer, 102 S. W., 306. They, however, took no further proof in the case, although they gave notice to take on

the 9th day of August, which was after the special term of court called for the trial of the case. The trial of this case in the circuit court was *de novo,* and upon an appeal from its judgment, the action of the circuit court can only be called in question, and not the action of the board of contest, as the circuit court could fully determine all the questions in the case.

Section 964, Ky. Statutes, fully authorizes a judge of the circuit court to call a special term of court, by causing a notice signed by him to be posted at the court house door of the county, for ten days preceding the first day of the special term. The notice or order calling the special term, complained of, specified the day when the special term should commence, and gave the style of this case to be tried at such term, and we are unable to understand upon what ground it is contended that the judge erred in calling the special term. The pleadings in the case had all been completed for nearly sixty days, and its trial was not premature. The appellants asked for a continuance of the case by the circuit court, and in support of its motion for a continuance, filed the affidavit of one of the counsel for appellants, the substance of which was, that he had been otherwise engaged and had not had time to devote to the preparation of this case for trial. The record, however, shows that the appellants were represented by other counsel, and no reason is given as to why the other counsel had not been able to take their proof and to otherwise prepare the case for trial. The affidavit filed did not disclose, that, if a continuance was granted, that the appellants could make any further preparations for the trial of the case than they had already done, and we see no error in the refusal of the circuit court to grant the continuance.

The third reason urged by appellants for reversing the judgment below, is involved with and determined by the conclusion as to the other grounds upon which a reversal is sought.

As to the fourth reason for which the appellants insist that the cause ought to be reversed, which is, that the board of election commissioners did not make an equal division of the election officers between the ones favoring prohibition and the ones opposed thereto, is not tenable, for the reason that the statutes do not make any such requirement, and, although the evidence indicates that the election officers were probably all, or the majority of

them, were those favoring prohibition, yet, in the absence of any showing that these officers did not conduct the election in a fair and impartial manner, or were guilty of irregularities of some kind, the fact that they were all, or nearly all of them, were of those favoring prohibition, would not be a valid reason for setting aside the election. Erwin v. Benton, 120 Ky., 536; Hale, et al. v. Gregg, et al., 159 Ky., 75. The evidence in the case fails entirely to support any of the grounds of contest relied upon, and all the facts and circumstances indicate that there is no merit in the contest of the election in this case. The judgment appealed from is, therefore, affirmed.